B. F. DOUGHTY, Appellant, v. HUGH H. MEEK, *et al.*

**Judgment:** NUNC PRO TUNC. The entry of a judgment *nunc pro tunc*
1  is not authorized, merely, because the party had the right to a
judgment at the time as of which the judgment is entered, but
there must have been an actual rendition of a judgment.

SAME. The filing with the clerk of a statement of confession of
2  judgment is a sufficient rendition of judgment to authorize the
subsequent entry of judgment *nunc pro tunc.*

EXECUTION. An execution issued on a judgment which has never
3  been formally entered is supported by an entry thereof *nunc pro
tunc.*

**Garnishment:** CREDIT ON JUDGMENT. The principal debtor is enti-
4  tled to a credit on a judgment against him, of an amount admitted
by a garnishee to be due, where it does not appear that the gar-
nishee was ever released, and the principal debtor denies having
received the amount of such indebtedness, although no case was
ever docketed against the garnishee and no judgment rendered,
and though it does not appear that he ever paid the amount of
such indebtedness to the garnishing creditor.

*Appeal from Van Buren District Court.*—HON. T. M.
FEE, Judge.

THURSDAY, APRIL 7, 1898.

Suit in equity to enjoin the sale of real estate under
a general execution. Plaintiff claims that there was no
valid judgment upon which an execution could issue,
and that whatever claim defendants may have had
has been paid. The trial court dismissed the petition,
and plaintiff appeals. *Modified and Affirmd.*

*Work & Lewis* and *M. B. Davis,* for appellant.

*Mitchell & Sloan,* for appellees.

DEEMER C. J.—On the twentieth day of December, 1876, appellant made and executed a confession of judgment in favor of appellee Meek upon a note for the sum of two hundred dollars, executed in January, 1876. This confession was filed with the clerk of the district court in and for Van Buren county on or about January 1, 1877, but no entry of judgment was made upon the court records until the trial of this case, at which time the court ordered an entry of judgment as of the first regular term in the year 1877. On the twenty-first day of July, 1896, an execution issued from the office of the clerk of the district court upon a pretended judgment in favor of Meek and against Doughty, directed to the sheriff of Woodbury county. This execution was levied upon certain real estate in Woodbury county belonging to Doughty. This suit is to enjoin and restrain the sale of the real estate so levied upon. The trial court was evidently of opinion that no judgment had been rendered upon the statement of confession at the time the execution issued, but it ordered the rendition of judgment *nunc pro tunc*, and held that this validated the writ, and that plaintiff's petition should be dismissed. In support of the ruling it is contended that the filing of the statement of confession was in fact the rendition of a judgment, that the act of the clerk and the court with reference thereto was purely ministerial, that the court was justified in directing a *nunc pro tunc* entry of judgment, and that such entry covered all defects in the issuance of the execution. The argument in support of this contention is to the effect that, when a statement of confession is filed, the law, in the absence of the judge, at once pronounces the judgment, and it becomes the duty of the clerk to make the entry forthwith; that his failure to do so may be cured at any time by a *nunc pro tunc* entry;

and that such entry, when so made, validates all prior proceedings, including the issuance of execution.

That courts possess the power to enter judgments *nunc pro tunc* is conceded, but the exercise of such power presupposes the actual rendition of a judgment. The right to a judgment will not furnish the basis for such an entry. *Gray v. Brignardello,* 1 Wall. 627; *Worley v. Shong,* 35 Neb. 311 (53 N. W. Rep. 72); *Cassidy v. Woodward,* 77 Iowa, 355; Freeman, Judgment, section 68.

The inquiry yet remains, what effect is to be given the statement of confession when it is filed with the clerk? This question is not a new one to this court. In the case of *Risser v. Martin,* 86 Iowa, 392, which involved the right of the court to enter a judgment *nunc pro tunc* upon a statement of confession, we said: "It is true the court made no order, * * * but the law operated in lieu of formal action by the court as a direction to the clerk to enter judgment. In legal effect, the rights of the parties were the same that they would have been had the court ordered the judgment to be entered. It is said that a judgment *nunc pro tunc* is always proper where a judgment has been ordered, but the clerk has failed or neglected to copy it into the record. * * * In this case the confession expressed the amount of the debt, and the law fixed the judgment to which the plaintiffs were entitled." The point now under consideration is conclusively determined by this statement of the law, and needs no further elucidation.

II. At the time the execution issued there was no formal entry of judgment, and it is argued that the *nunc pro tunc* entry did not validate the execution. It is well settled that "there can be no judgment until it is entered in the proper record of the court. It cannot exist in the memory of the officers of the court, nor in

memoranda entered upon books not intended to pre-
serve the record of judgments." *Winter v. Coulthard*,
94 Iowa, 312; *Balm v. Nunn*, 63 Iowa, 642; *Case v. Plato*,
54 Iowa, 64. In one of these cases it is said that, "there
being no valid existing judgment when the execution
issued it is void. This declaration had no refer-
ence, however, to the effect that should be given
a *nunc pro tunc* entry, and it is not to be regarded
as conclusive of the point now under consideration. Mr.
Freeman, in his work on Judgments, at section 67, says:
"With the exception pointed out in the previous section
[relating to the rights of third persons], a judgment
entered *nunc pro tunc* must be everywhere received and
enforced in the same manner and to the same extent
as though entered at the proper time. * * *
Though an execution may have issued * * *
when there was nothing on the record to support it, yet
the omission is one of evidence, and not of fact; and,
the evidence being supplied in a proper manner, full
force and effect will be given to the fact, as if the evi-
dence had existed from the beginning." Mr. Black, in
his treatise on Judgments, at section 136, announces
practically the same doctrine. These statements are
authorized by the following, among other, authorities:
*Bush v. Bush*, 46 Ind. 70; *Tapley v. Goodsell*, 122 Mass.
176; *Parker v. Rugg*, 9 Gray, 209; *Graham v. Lynn*, 4
B. Mon. 17. Following this almost unbroken line of
decisions, we are constrained to hold that the *nunc pro
tunc* entry so operated, as to save the execution which
had theretofore been issued.

III. Finally, it is insisted that the claim or judg-
ment had been satisfied in whole or in part prior to the
issuance of the execution, the enforcement of which is
sought to be enjoined. In 1877 an execution issued,
which was served by levying upon thirteen sacks of
flour and forty bushels of oats, and by garnishing four

supposed debtors of Doughty. The sheriff's return discloses that the property was returned to Doughty, by order of Meek's attorney, upon condition that Doughty pay the costs. The return further shows that Doughty paid the costs. Of the four garnishees all denied being indebted to Doughty save one, who admitted he owed eighteen dollars and forty-five cents. No case was ever docketed against this garnishee, no judgment rendered, and no showing that he ever paid the amount to Meek, or to any one for him. There is no record evidence, however, that the garnishee who admitted this indebtedness was ever discharged, and Doughty squarely denies that the garnishment was released, and denies having received the amount of this indebtedness from the garnishee. The amount admitted by this garnishee to be due was eighteen dollars and forty-five cents. As the levy by garnishment is admitted, and as there is no sufficient showing by appellee that this garnishee was released, the appellee should be charged with the amount admitted to be due, and the same should be credited upon the judgment as of date November 3, 1877. Claim is made that the note upon which the confession of judgment was based was intended simply as security for an indebtedness due from one Nelson to Meek, and that, after the confession was executed, Nelson paid the debt. It is sufficient to say that the evidence does not support this contention. The debt was Doughty's, and Nelson did not pay it. With the modification above suggested, the decree is affirmed. Modified and affirmed.