## J. H. AND A. H. BURNS v. J. M. SKELTON.

Decided May 14, 1902.

Judgment—Dormancy—Nunc pro Tunc Entry.

Where a judgment of a justice court was rendered but no entry of it was made and no execution issued thereon for more than ten years, it wholly ceased to have any effect and could not be revived by an action of sire facias, and a nunc pro tunc entry of it by order of the justice court more than ten years after its rendition being also of no effect, a mandamus to compel the issuance of execution on the judgment will be refused.

Appeal from Dallas. Tried below before Hon. T. F. Nash.

*Morris & Crow,* for appellants.

*Hielrant & Scott,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This is an application for a writ of mandamus brought by appellants to compel appellee, J. M. Skelton, justice of the peace of Precinct No. 1 of Dallas County, to issue an execution on a judgment rendered in the Justice Court of his precinct on July 24, 1891, for $147.40 in favor of appellants against R. T. Smith, but of which no entry was made until the 31st day of August, 1901, when it was entered nunc pro tunc as of the day (July 24, 1891) when it was rendered. No execution was ever issued upon the judgment. After the nunc pro tunc entry of the judgment, appellants applied to appellee, the justice of the court in which the judgment was rendered, for a writ of execution, which he declined and refused to issue.

The application of appellants to the District Court to compel him to issue such execution upon hearing was refused, and from its judgment refusing to award the writ of mandamus prayed for, this appeal is prosecuted.

The appellants contend that the judgment was not in force and operative as a judgment until the 30th day of August, 1891, when it was entered on the docket or minutes of the court, and that until that date no execution could have been issued.

"On the 11th day after the rendition of any final judgment, if the case has not been appealed and no stay of execution has been granted, it shall

be the duty of the justice to issue an execution for the enforcement of such judgment and the collection of the costs." Rev. Stats., art. 1661.

"If no execution is issued within twelve months after the rendition of the judgment, the judgment shall become dormant, and no execution shall issue thereon unless such judgment be revived." Rev. Stats., art. 1664.

"A judgment in any court of record within this State, where execution has not issued within twelve months after the rendition of the judgment, may be revived by scire facias, or an action of debt brought thereon within ten years after the date of judgment, and not after."

"The rendition of a judgment is the judicial act of the court in pronouncing the sentence of the law upon the facts in controversy as ascertained by the pleadings and the verdict. The entry of a judgment is a ministerial act which consists in spreading upon the record a statement of the final conclusion reached by the court in the matter, thus furnishing external and incontestable evidence of the sentence given, and designed to stand as a perpetual memorial of its action. It is the former, therefore, that is the effective result of the litigation. In the nature of things, a judgment must be rendered before it can be entered. And not only that, but though the judgment be not entered at all, still it is none the less a judgment. The omission to enter it does not destroy it, nor does its vitality remain in abeyance until it is put upon the record. The entry may be supplied, perhaps after the lapse of years, by an order nunc pro tunc." Black on Judg., sec. 106.

Except as to the rights of third parties, a judgment nunc pro tunc is retrospective, and has the same force and effect, to all intents and purposes, as if it had been entered at the time when the judgment was originally rendered. Freem. on Judg., sec. 67; Nabers v. Meredith, 67 Ala., 330; Graham v. Lynn, 39 Am. Dec., 493; Rugg v. Parker, 9 Gray, 206; Chichester v. Cande, 3 Cow., 39, 15 Am. Dec., 238; Davis v. Shaver, 91 Am. Dec., 92.

An execution is authorized for the purpose of making effectual the judgment or order of the court. It must, of course, follow that plaintiff may have it issued as soon as the time comes when he is entitled to the satisfaction of his judgment or decree, and this is, as we have seen in a case like this, "on the 11th day after the rendition of final judgment." Freem. on Ex., sec. 24. If a judgment is rendered a writ of execution may issue before its formal entry (Graham v. Lynn, supra); and as between the parties a nunc pro tunc entry of the judgment so operates as to save the execution which had theretofore been issued. Doughty v. Meek, 105 Iowa, 16; 74 N. W. Rep., 744, 67 Am. St. Rep., 282. The entry of a judgment nunc pro tunc presupposes the actual rendition of a judgment at the prior date stated in such entry.

As is seen, the judgment was rendered on the 24th day of July, 1891, and though execution could have been issued upon it within the time prescribed by law, none has ever been issued thereon. It became dormant, had not been revived when the nunc pro tunc entry was made,

nor was it revived by such entry, and ten years having elapsed after the date of its rendition, it could not be revived, or an action of debt brought thereon afterwards. The judgment was not only dormant, but dead, and could not be resurrected when appellant applied to the appellee for the execution. Had the application been granted, the execution would have been without a judgment to support it, and absolutely void. Therefore the court did not err in refusing to compel the appellee by mandamus to issue the execution.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.