## BRINKLEY v. STATE.
### No. 11243.

Court of Civil Appeals of Texas. Dallas.
April 9, 1932.

Jed C. Adams, of Dallas, for appellant.

Wm. McCraw, Dist. Atty., Tom C. Clark, and S. L. Lewis, all of Dallas, for the State.

LOONEY, J.

■ This appeal is from an order of the district court overruling a plea of privilege. Appellee moves to dismiss the appeal on the ground that the appeal was not perfected by filing appeal bond within the time prescribed by statute. The record discloses that the judgment of court overruling the plea of privilege was announced and docket entry thereof made by the court December 17, 1931, but was not entered upon the minutes of court until December 24, 1931. The appeal bond was approved and filed January 20, 1932, more than thirty days after the pronouncement of the judgment, but less than thirty days from its entry in the minutes. The rule is now well settled that a judgment is not ripe for direct appeal (under article 2253) until it is actually entered upon the minutes of court [see Gilmore v. Ladell (Tex. Civ. App.) 34 S.W.(2d) 919, and authorities cited], although the time within which an appeal by writ of error (under article 2255) must be taken is reckoned from the date of final judgment proper, that is, from its pronouncement as distinguished from the entry [see Kittrell v. Fuller (Tex. Civ. App.) 281 S. W. 575]; and the time within which appeals, from interlocutory judgments in receiverships (under article 2250) and injunction matters (under article 4662) must be taken is reckoned by express statutory provisions from the date the judgment is entered of record.

■ Subsequent to the proceedings above detailed and during the term, the court, on January 30, 1932, entered a corrected judgment from which appellant duly perfected appeal. In situations identical with the one presented by this record, our courts have repeatedly held that the effect of entering a later judgment was to vacate the former, and that the last or corrected judgment entered was the one presented for review. See Luck v. Hopkins, 92 Tex. 426, 49 S. W. 360; Hall v. Read, 28 Tex. Civ. App. 18, 66 S. W. 809; Gray v. Chapman (Tex. Civ. App.) 74 S. W. 564; Ripy v. Redwater Lumber Co., 48 Tex. Civ. App. 311, 106 S. W. 474.

The motion of the state to dismiss the appeal is overruled.

Overruled.