## MERRICK v. STREET.

### No. 13305.

Court of Civil Appeals of Texas. Fort Worth.

June 7, 1935.

W. E. Fitzgerald, of Wichita Falls, for appellant.

Bernard Martin and Brannon & Tipps, all of Wichita Falls, for appellee.

LATTIMORE, Justice.

The record was tendered this court on May 29, 1935. The transcript says that the cause came on to be heard on the 20th day of March, 1935. The judgment does not recite specifically any date of rendition of that judgment, but the transcript of same is indorsed, "Filed March 30, 1935." Appellant, by affidavit, alleges that the judgment was in fact pronounced by the court on March 20, 1935, but that the court requested counsel to prepare a draft of the same for the minutes and that such draft, approved by the trial judge, was not delivered to the clerk for record in the minutes of that court until March 30, 1935, and that in fact same was not actually recorded in the minutes until April 5, 1935.

It is not necessary for us to pass upon the question of whether the date of actual recording of the judgment in the minutes may be proven to us by affidavit.

The record itself, in stating that the judgment was "filed" on March 30, 1935, is susceptible of interpretation that the precept of judgment rendered by the court was delivered to the clerk on March 30, 1935, for the purpose of having the clerk record the same in the minutes. No motion for new trial was filed, and it is certain that the date which fixes the beginning of a period within which appellant may take his appeal is the date that the judgment is in fact spread upon the minutes. Slayden & Co. v. Palmo (Tex. Civ. App.) 90 S. W. 908; Trotti v. Kinnear (Tex. Civ. App.) 144 S. W. 326; Partridge v. Wooton, 63 Tex. Civ. App. 280, 137 S. W. 412.

Article 1839, Rev. St., as amended in 1933 (Acts 1933, c. 67 [Vernon's Ann. Civ. St. art. 1839]), provides that appellant shall file a transcript within 60 days from the final judgment or order overruling the motion for new trial, and thus, by analogy, those cases are authority for allowing the filing of the transcript and statement of facts within 60 days from the date which the transcript shows the judgment was spread upon the minutes.

For good cause shown, this court may allow the transcript and statement

of facts to be filed even though tendered 69 days after the date of judgment rendered. We think the above facts constitute good cause, and the clerk will file the transcript and statement of facts.