J. C. RICHARDS v. UNITED STATES COLD STORAGE COMPANY ET AL.

No. 7236. Decided January 26, 1938.
Rehearing overruled March 16, 1938.
(112 S. W., 2d Series, 445.)

*Paul G. Peurifoy*, of Dallas, for plaintiff in error.

The right to appeal from an order overruling a motion for new trial dates from the entry of such order on the minutes, and not from the rendition of such order by the judge. Gilmore v. Ladell, 34 S. W. (2d) 919; Bean v. Peurifoy, 74 S. W. (2d) 126; Peurifoy v. Wiebusch, 125 Texas 207, 82 S. W. (2d) 624.

*Hubbard T. Bowyer*, of Dallas, for defendant in error.

The entry of an order overruling motion for new trial prior to time of filing an appeal bond is not essential to an appeal in courts operating under Article 2092 of the Revised Statutes of 1925. Thomas v. Murphy, 125 Texas 105, 81 S. W. (2d) 59; Millers Mut. Fire Ins. Co. v. Wilkirson, 124 Texas 312, 77 S. W. (2d) 1035; Coleman v. Zapp, 105 Texas 491, 151 S. W. 1040.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

There is really but one question of importance in this case. The writ of error was granted upon an assignment submitting the proposition that the right to appeal, in a case where there is a motion for new trial, dates solely from the date the order overruling the motion for new trial is actually entered in the minutes of the court, notwithstanding the order overruling the motion is reduced to writing, signed by the presiding judge, and shows on its face the date it was made in open court, and was entered on the minutes during the term at which the order was made.

In this case the judgment recites that the cause came on for trial June 26, 1935, and was submitted to a jury upon special issues. It further recites that on July 1, 1935, plaintiff filed motion to have judgment entered in his favor on the verdict previously returned. The judgment contains a further recital that it is dated July 31, 1935. The written judgment was signed by the presiding judge, and is shown to have been entered in Volume K, page 354 of the minutes of the court. There was nothing to show when same was actually recorded in the minutes. It is not contended that it was not entered during the term of court at which it was rendered.

On July 31, 1935, defendant filed amended motion for new trial. On the same day this motion was overruled. The order overruling the motion was reduced to writing and signed by the presiding judge. It bears the date July 31, 1935, and recites that "on this day came on to be heard the amended motion for new trial." At the top of the order appear the words "Entered August 31, 1935." There is nothing to show when this notation was made. However, there is an endorsement on the order as follows: "Order Overruling Amended Motion for New Trial. Entered in Vol. K, page 411, Mins. 101st Dist. Court August 31, 1935." This endorsement is signed by the clerk. This order was entered during the term at which it was made.

Therefore it appears that the order of the court overruling the motion for new trial was made on July 31, 1935, reduced to writing and signed by the presiding judge. It is further shown that the order was not written into the minutes until August 31, 1935. Supersedeas bond by defendant was approved by the clerk and filed August 19, 1935. This was within the statutory time for filing after the overruling of the motion for new trial on July 31, 1935. It was contended in the Court of Civil Appeals and is contended here that the appellate court should have dismissed the appeal because of want of juris-

diction. This contention is based on the claim that as the bond was filed prior to the date the order was entered on the minutes, it was functus officio, because the date of the entry by the clerk of the order in the minutes fixed the earliest date an appeal could be taken.

This suit was tried in the district court of Dallas County which is governed by the Special Practice Act, and Article 2093a, as amended by Act effective May 1, 1935, is applicable. However, subdivision 4 of said Act, so far as applicable here, is in the same language as was Section 31 of Article 2092 prior to the amendment. The pertinent portion of said article is as follows:

"Appeal Bonds Filed, When.—In appeals from such District Courts the appeal bond shall be filed within thirty days after the judgment or order appealed from is rendered, if no motion for new trial is filed, and if a motion for new trial is filed, the appeal bond shall be filed within thirty days after the motion for new trial is overruled."

1 Under this article appeals may be taken "after the motion for new trial is overruled." As the order overruling motion for new trial was entered on the minutes during the term at which it was made, the rule contended for by plaintiff in error has no application. He relies strongly upon the case of Gilmore v. Ladell, 34 S. W. (2d) 919. In that case the court followed the rule established in cases where the entry of judgment or order overruling motion for new trial *depended upon an order nunc pro tunc.* The decision was expressly based upon the case of Cooper v. Carter, 233 S. W. 1020, and the court quoted from that case as follows:

"And since the judgment attempted to be appealed from in this case was not entered until after the appeal bond relied on to perfect the appeal had been filed, the judgment was not legally effective for review by appeal."

By reference to the case of Cooper v. Carter it will be seen that no judgment was entered on May 28, 1920, at the term of court when the verdict of the jury was entered, and on December 3, 1920, at another term of the court, "the court made an order that judgment be entered in accordance with the verdict of the jury returned May 28, 1920, no judgment whatever having theretofore been entered." Obviously, the rule established in a case of that kind could not be applicable to the facts of the present case. By examination of the cases cited by the Court of Civil Appeals in the case of Gilmore v. Ladell it will

be found that all of them involve appeals where there had been a necessity for an order nunc pro tunc.

2 The Court of Civil Appeals held that it had jurisdiction, and for the reasons herein stated we affirm that holding. The court also reversed and rendered the case against plaintiff in error. 99 S. W. (2d) 697. In doing so it held that there was no evidence to support a finding that Moss had apparent authority to represent the defendant United States Cold Storage Company. On the merits of the case plaintiff in error presents one assignment only, which is to the effect that the Court of Civil Appeals erred in holding that there was not sufficient evidence to support a finding that Moss had apparent authority to make the contract sued on. Plaintiff in error makes no statement from the record under this assignment, and his argument in no manner impeaches the statement made by the Court of Civil Appeals in discussing this proposition. The contention therefore can not be sustained.

Judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court January 26, 1938.

Rehearing overruled March 16, 1938.