CLEBURNE NATIONAL BANK ET AL. V. C. E. BOWERS, TRUSTEE.

No. 7029. Decided January 26, 1938.
(112 S. W., 2d Series, 717.)

*R. A. Kilpatrick,* of Cleburne, for appellant.

No brief on file for appellee.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

The certificate of the Court of Civil Appeals is concise and we therefore set it out in full. It is as follows:

"In the above cause now pending in this court, final judgment was rendered in the lower court on April 27, 1935, in favor of C. E. Bowers, trustee, against Cleburne Theatres, Inc., and Cleburne National Bank, appellants herein, jointly and severally, for the sum of $140.00, with interest. It does not appear that any motion for new trial was filed in the lower court. The judgment sought to be appealed from was entered in the minutes of the lower court on the 3d or 4th of May, 1935, during the same term at which the judgment was rendered. On April 30, 1935, after the trial court had rendered judgment but before the judgment had been entered in the minutes, Cleburne Theatres, Inc., and the Cleburne National Bank gave notice of appeal and filed in the lower court a supersedeas bond. The appellants failed to file the transcript in this court within the time allowed by law and appellee has filed a motion to affirm on certificate. The appellants contend that this court never acquired jurisdiction of the appeal so as to authorize an affirmance on certificate because the notice of appeal was given and the appeal bond filed prior to entry of judgment in the minutes of the lower court. We have prepared a tentative opinion, a copy of which is attached, in which we held that the notice of appeal was not prematurely given nor the appeal bond prematurely filed and that by reason thereof this court acquired jurisdiction to affirm on certificate. It appears that our opinion is in conflict with the holding of the San Antonio court in the case of Earnest v. Couch, 66 S. W. (2d) 483, and that it is also in conflict with some expressions used by the Fort Worth court in the case of Merrick v. Street, 84 S. W. (2d) 518. For this reason we deem it advisable to submit to your Honorable Court the following question:

"Did we err in holding that the notice of appeal was not prematurely given nor the appeal bond prematurely filed and that this court acquired jurisdiction of the cause?"

The applicable statute is Article 2253 of the Revised Statutes of 1925, as amended by Acts of 1927, 40th Legislature, page 21, Chapter 15, Section 1, and is as follows:

"An appeal may, in cases where an appeal is allowed, be taken during the term of the court at which final judgment in the cause is rendered by the appellant giving notice of appeal in open court within two days after final judgment, or two day after judgment overruling a motion for a new trial, which shall be noted on the docket and entered of record, and by his filing with the clerk an appeal bond, where bond is required by law, or affidavit in lieu thereof, as hereinafter provided, within twenty days after the expiration of the term. If the term of court may by law continue more than eight weeks, the bond or affidavit in lieu thereof shall be filed within twenty days after notice of appeal is given, if the party taking the appeal resides in the county, and within thirty days, if he resides out of the county."

If this article be complied with then by Article 2267 the appeal is perfected when the bond or affidavit in lieu thereof is filed.

■ It will be noted that under the article quoted above, an appeal may be taken in cases where there is no motion for a new trial "during the term of the court at which the final judgment in the cause is rendered—after final judgment." In cases where there is a motion for new trial the appeal may be taken "after judgment overruling motion for new trial." Notice of appeal must be given within two days after these events.

In the present instance the judgment was pronounced in open court on the 27th day of April, 1935, and was reduced to writing and signed by the presiding judge on that date. Nothing remained to be done except for the clerk to attend to the ministerial duty of writing it in the minutes. The appeal bond was filed May 1, 1935. It is contended, however, that the clerk did not actually perform the ministerial duty of writing the judgment in the minutes until the 3d or 4th of May, and after the appeal bond was approved and filed; therefore the bond was prematurely filed. We make the observation that the transcript does not show anything about when the judgment was actually entered on the minutes, and this must have been established by parol proof. In this particular instance we assume, without deciding, that this could be done.

■ But it is urged by appellants that although the judgment was pronounced on April 27, 1934, and reduced to writing and signed

by the presiding judge, and entered on the minutes at the same term of court, nevertheless our courts have held that the date of entry upon the minutes is to be taken as arbitrarily determining the date from which the appeal is to be taken in all cases. They cite among other cases Peurifoy v. Wiebusch, 82 S. W. (2d) 624, and the numerous cases there cited. The language there used was carefully chosen and is as follows: "It is settled that when judgment is pronounced at *one term* and not entered of record at *that term*, but is *entered nunc pro tunc at the succeeding term*, the right of appeal dates from the entry of the judgment." (Emphasis ours.) An examination of the cases cited will disclose that this rule originated in instances where there had actually been no pronouncement of judgment at one term of the court, or the circumstances were such that it required an action of the court nunc pro tunc at a succeeding term to authorize entry of the judgment upon the minutes. The reason for allowing an appeal from the date of entry of judgment in such cases is obvious. The foregoing rule is manifestly not applicable here. Under the amended statute as set out above the appeal may be taken, in cases where there is no motion for new trial, "after final judgment," provided notice of appeal is given within two days; and we hold in this case that the judgment was final when pronounced in open court, reduced to writing and signed by the presiding judge. Notice of appeal was given on the same date. The judgment was actually entered on the minutes at the same term of court, and was in the transcript, and there was no necessity for further action of the court nunc pro tunc to authorize its entry on the minutes. This clearly distinguishes this case from the cases cited in Peurifoy v. Wiebusch, supra.

This conclusion appears to be in conflict with the case of Earnest v. Couch, 66 S. W. (2d) 483, and that decision is hereby disapproved.

This opinion is not to be construed as constituting any authority upon the question of when the right of appeal begins in cases where a motion for new trial is filed under Article 2253, nor as affecting the question of when the time for filing transcript in the appellate court begins to run.

We answer the question propounded by the Court of Civil Appeals in the negative.

Opinion adopted by the Supreme Court January 26, 1938.