## CLEBURNE NAT. BANK et al. v. BOWERS.

### No. 1788.

Court of Civil Appeals of Texas. Waco.

Feb. 17, 1938.

R. A. Kilpatrick and Irwin T. Ward, both of Cleburne, for appellants.

Maynard F. Robinson, of Cleburne, for appellee.

ALEXANDER, Justice.

This case is before the court on motion to affirm on certificate. Final judgment was rendered in the lower court on the 27th day of April, 1935, in favor of C. E. Bowers, trustee, against Cleburne Theatres, Inc., and Cleburne National Bank, appellants herein, jointly and severally, for the sum of $140, with interest. It does not appear that any motion for new trial was filed. Said judgment was entered in the minutes of the lower·court on the 3d or 4th of May, 1935, during the same term at which it was rendered. On April 30, 1935, after the trial court had rendered judgment but before the judgment had been entered in the minutes, Cleburne Theatres, Inc., and Cleburne National Bank gave notice of appeal and filed in the lower court a supersedeas bond. Said appellants failed to file the transcript in this court within the time allowed by law and appellee filed herein, on June 27, 1935, his motion to. affirm on certificate. Later an amended motion was filed and a writ of certiorari was issued by this court and additional portions of the record necessary to show a right to affirmance on certificate were filed on July 10, 1935. The matter is now before us on motion to affirm on certificate.

■ Appellants subsequently removed the cause to this court by writ of error proceedings, and they here now contend that we are without jurisdiction to affirm on certificate because the attempted appeal was premature. They concede that the notice of appeal was given and the appeal bond filed after the judgment was rendered, but they contend that the attempted appeal was premature because the judgment sought to be appealed from had not been entered in the minutes of the lower court at the time of the giving of the notice of appeal and the filing of the bond. They cite in support of their contention the case of Earnest v. Couch, Tex.Civ.App., 66 S.W.2d 483, by the San Antonio court. The holding of the court in that case does support appellants' contention, but we are unable to agree with that decision.

■ Revised Statutes, art. 2253, as amended Acts 1927, 40th Leg., p. 21, c. 15, § 1, Vernon's Ann.Civ.St. art. 2253, provides, in part, as follows:

"An appeal may * * * be taken during the term of the court at which the final judgment in the cause is rendered by the appellant giving notice of appeal in open court within two days after final judgment, or two days after judgment overruling a motion for a new trial, * * and by his filing with the clerk an appeal bond, * * * within twenty days. after the expiration of the term. If the term of court may by law continue more than eight weeks, the bond * * * shall be filed within twenty days after notice of appeal is given, if the party taking the appeal resides in the county, and within thirty days, if he resides out of the county."

It will be noted that by the terms of the above statute, in the absence of a motion for new trial, the time allowed an appellant within which he is required to give notice of appeal or to file an appeal bond begins to run from the date of "final judgment" and not from the date when the judgment is entered in the minutes of the court. "The judgment of a court is what the court pronounces. Its rendition is the judicial act by which the court settles and declares the decision of the law upon the matters at issue. Its entry is the ministerial act by which an enduring evidence of the judicial act is afforded." Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040, 1041; 25 Tex.Jur. 424. A judgment is binding between the parties from the date of its rendition, notwithstanding the failure of the clerk to enter it in the minutes of the court. Turley v. Tobin, Tex.Civ.App., 7 S.W.2d 949. The failure to record the judgment does not annul nor destroy its finality. 25 Tex. Jur. 428; Ætna Ins. Co. v. Dancer, Tex. Com.App., 215 S.W. 962. Consequently, where no motion for new trial is filed, the judgment becomes final within the meaning of the above-quoted statute on the date that it is pronounced or rendered by the court. Kittrell v. Fuller, Tex. Civ.App., 281 S.W. 575, writ refused. Hence, it is our opinion that a losing party can properly perfect an appeal by giving notice thereof and filing bond within the statutory period after final judgment is rendered and before it is spread upon the minutes of the court. To hold otherwise would require the losing party to keep a constant watch on the clerk's office for the purpose of ascertaining when the judgment sought to be appealed from was actually entered in the minutes so as to· enable him to give notice of appeal in open court within two days thereafter

580

and before adjournment of the term. As a matter of common knowledge, many judgments are not spread upon the minutes until the last day of the term. If the rule here contended for should be enforced, the attorney for the losing party would be required to abandon his office and take up watch in the clerk's office so as to enable him to give the necessary notice after the recording of the last line of the judgment and before the signing of the minutes. This would place an unnecessary burden on the appellant and add another annoying hazard to the administration of justice.

█ Of course, if the judgment thus attempted to be appealed from is not subsequently entered in the minutes of the court during the term at which it was rendered, the attempted appeal becomes ineffective, not because it was premature, but because the record on appeal would not disclose what judgment had been rendered by the lower court. In such case is would be necessary to secure an order of the trial court authorizing the entry of judgment nunc pro tunc so as to disclose what judgment had been rendered, and unless and until such order is entered the appeal cannot be properly presented to the appellate court. 3 Tex.Jur. 103, § 51; Frankfurt v. Grayson, Tex.Civ. App., 68 S.W.2d 533, and authorities there cited. Consequently, we have the rule that in such cases the time to appeal begins to run from the date of the subsequent order of the court authorizing the entry of judgment nunc pro tunc. 3 Tex.Jur. 332; Cooper v. Carter, Tex.Civ. App., 233 S.W. 1020; Broderick & Bascom Rope Co. v. Waco Brick Co., Tex. Civ.App., 150 S.W. 600; Panhandle Construction Co. v. Lindsey, 123 Tex. 613, 72 S.W.2d 1068. But this rule has no application here for the judgment in this instance was actually entered in the minutes during the term at which it was rendered.

We do not undertake to determine whether or not an appellant could be required to perfect his appeal prior to the recording of the judgment in the minutes, nor whether or not the time for filing the record in the appellate court would begin to run from the date of rendition of judgment or from the date of the recording of same in the minutes. These questions are discussed in Brinkley v. State, Tex.Civ.App., 49 S.W.2d 516, and authorities there cited; see also, Merrick

v. Street, Tex.Civ.App., 84 S.W.2d 518. We merely hold that the appellant had a right to give notice of appeal and to file an appeal bond after rendition of final judgment and before it was entered in the minutes and that the giving of such notice and the filing of the bond was sufficient to confer jurisdiction on this court, where the judgment was afterwards entered in the minutes during the same term that it was rendered.

█ The appellants failed to file the transcript in this court within the time required by law and as a consequence appellee is entitled to an affirmance on certificate. Beaver v. Beaver, Tex.Civ.App., 57 S.W.2d 279; Red v. Bounds, 122 Tex. 614, 63 S.W.2d 544; Harding v. City of Raymondville, Tex.Com.App., 58 S.W.2d 55.

The motion to affirm on certificate is granted and the judgment of the lower court is affirmed.