## DAVIS v. MOORE et al.

### No. 2131.

Court of Civil Appeals of Texas. Waco.

July 13, 1939.

Rehearing Denied Oct. 5, 1939.

J. W. Spivey and H. L. Taylor, both of Waco, for appellant.

F. J. Bauerle, Willard McLaughlin, Leonard Gorin, Tirey & Tirey, and Gene Maddin, all of Waco, for appellees.

GEORGE, Justice.

The two controlling questions in this case are: (1) When is a judgment rendered within the meaning of Articles 3699 and 3701, Revised Civil Statutes of Texas, and (2) from what occurrence is the time within which an appeal bond or affidavit in lieu thereof shall be filed with the county clerk computed? Articles 3698, 3699 and 3701, Revised Civil Statutes, relating to appeals from the probate court to the district court, read as follows:

"Art. 3698. Any person who may consider himself aggrieved by any decision, order, decree or judgment of the county court, shall have the right to appeal therefrom to the district court of the county upon complying with the provisions of this chapter; * * *."

"Art. 3699. He shall, within fifteen days after such decision, order, judgment or decree shall have been rendered, file with the county clerk a bond with two or more good and sufficient sureties, payable to the county judge in any amount to be fixed by the county judge, conditioned that the appellant shall prosecute said appeal to effect and perform the decision, order, decree or judgment which the district court shall make thereon, in case the cause shall be decided against him."

"Art. 3701. Where the party who desires to appeal is unable to give the appeal bond, it shall be sufficient if he file with the county clerk, within the time prescribed for giving such bond, an affidavit that he has made diligent efforts to give such bond and is unable to do so by reason of his poverty, and such affidavit shall operate a perfection of the appeal in respect to the matter of costs."

Three wills, alleged to have been executed by Lula Davis, deceased, with the formalities and solemnities required by law and at times when she was of sound and disposing mind and memory, were offered for probate in the County Court of McLennan county, Texas, in 1937. Eugene Davis, surviving husband, offered the one in which he was made sole beneficiary and dated June 8, 1937, two days prior to her death. Viola Moore, a sister of the deceased, advanced the one in which she was made principal beneficiary and dated May 31, 1937. Eli Moore, nephew, made application to probate a lost will which purported to vest in him all of the estate of Lula Davis.

The county judge, after due notice and hearing, admitted to probate the will of May 31, 1937, advanced by Viola Moore. That order recited: "On this the 8th day of September, A. D. 1937, came on to be heard the application of Viola Moore to probate a will dated the 31st day of May, A. D. 1937. * * * Also came on to be heard the application of Eugene Davis to probate a written instrument alleged to be the last will and testament of the said Lula Davis, deceased, said instrument bearing date 8th day of June, 1937. * * * And also came on to be heard the application and plea of intervention of Eli Moore in said cause, the said Eli Moore having intervened in said cause and having set out in said intervention an application to probate a written will. * * * And the proponents in person and by their attorneys of record, and the contestants in person and by their attorneys of record appeared in person and all parties announced ready for trial, and the court, after hearing the pleadings of all the parties and the evidence introduced thereon, took the same under advisement and thereafter on the 17th day of September, A. D. 1937 rendered the following judgment. * * *"

The judgment that is there set out is the one shown of record in the minutes of the probate court. It denies the applications of Eugene Davis and Eli Moore to probate the wills offered by them, and in full and appropriate language grants the application to probate the will offered by Viola Moore. It further recites that Eugene Davis and Eli Moore and each of them then and there in open court objected and excepted to the ruling of the court and gave notice of appeal to the 74th Judicial District Court of McLennan county, Texas, and is signed D. Y. McDaniel, Judge. There is a notation in the left-hand corner at the bottom of the last page of the judgment reading as follows: "Signed 10–2–37, D. Y. McDaniel." The judgment was filed with the county clerk of McLennan county, Texas on October 2, 1937, and recorded in Vol. 57, page 144 of the probate minutes of that court.

Eli Moore, on October 1, 1937, executed affidavit in lieu of appeal bond pursuant to provisions of Article 3701, Revised Civil Statutes, and filed same with the county clerk of McLennan county on October 1, 1937. The record shows that this affidavit was re-filed with the county clerk of McLennan county on the 4th day of October, 1937. Eugene Davis filed his appeal bond with the county clerk of McLennan county on October 4, 1937, and secured the approval of same by the county clerk on the same day.

Eugene Davis made motion in the district court to dismiss appeal of Eli Moore, on the ground that his affidavit in lieu of appeal bond had been filed prematurely, in that it was filed on October 1, 1937, the day before the judgment of the county court was actually signed by the county judge and filed with the county clerk for entry in the probate minutes. The district judge on March 28, 1938, after hearing, overruled the motion to dismiss the appeal of Eli Moore.

The cause was then tried before the district court and a jury and judgment was rendered on the jury's findings denying probate of the wills offered by Eugene Davis and Viola Moore and directing that the will wherein Eli Moore was made sole beneficiary be admitted to probate, etc. Eugene Davis alone appealed from that judgment. This court, on April 13, 1939, sustained the motion of appellee, Eli Moore, to strike the statement of facts tendered by appellant, Eugene Davis, but overruled appellee's motion to strike appellant's brief and dismiss appeal.

The attorneys for Viola Moore, as friends of the court, have filed herein a brief in which it is suggested that no appeal was ever perfected from the county court's judgment of September 17, 1937 in the instant cause, for the reason that Articles 3699 and 3701, Revised Civil Statutes, required the affidavit of Eli Moore and the appeal bond of Eugene Davis to be filed with the county clerk of McLennan county within fifteen days after September 17, 1937, the date the judgment recites that it was in fact rendered in open court.

■ The affidavit was filed at the time it was delivered to the clerk and accepted by him for record in his office. Maddux v. Booth, Tex.Civ.App., 108 S.W.2d 329.

■ The judgment of the county court in this cause was entered at the term at which it was pronounced and the rule announced in cases of judgments entered nunc pro tunc is not applicable. Richards v. United States Cold Storage Co., 131 Tex. 148, 112 S.W.2d 445; Cleburne Nat. Bank v. Bowers, 130 Tex. 637, 112 S.W.2d 717; Id., Tex.Civ.App., 113 S.W.2d 578. In that character of cases the time within which the steps necessary to perfect an appeal must be taken are computed from

the date the judgment nunc pro tunc is entered in the minutes of the court. Peurifoy v. Wiebusch, 125 Tex. 207, 82 S.W.2d 624; Palmo v. Slayden & Co., 100 Tex. 13, 92 S.W. 796; Bassett v. Mills, 89 Tex. 162, 34 S.W. 93; Gulf C. & S. F. Ry. Co. v. Muse, 109 Tex. 352, 207 S.W. 897, 4 A.L. R. 613. The cases relied on by appellant to sustain his contention follow the rule announced where judgments are entered nunc pro tunc.

 A judgment nunc pro tunc presupposes a judgment actually rendered at a prior term but not then entered of record, and it is a general rule that a judgment nunc pro tunc can not be entered unless such judgment has been in fact previously rendered. 34 C.J. sec. 208, p. 72; Finnigan-Brown Co. v. Escobar, Tex.Civ.App., 192 S.W. 256.

In the case of Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040, 1041, the court, speaking through Judge Phillips, said: "The judgment of a court is what the court pronounces. Its rendition is the judicial act by which the court settles and declares the decision of the law upon the matters at issue. * * * The failure of the minute entry to correctly or fully recite what the court judicially determined does not annul the act of the court, which remains the judgment of the court notwithstanding its imperfect record." In that case the court held that judgment was actually rendered at the time the trial court pronounced its judgment in open court and that the following notation on the trial docket evidenced the rendition of judgment at that time, to-wit: "(4–8–03) judgment for plaintiff perpetuating the injunction heretofore issued and for defendants for balance due on the judgment sued on by them, viz., $1823.00 against Kate McChesney, alias Winnie Clark, and her husband, so far as he may be liable, and for intervener against both plaintiffs for amount of its debt, etc., to which defendants except and give notice of appeal."

The holding in the following cases is to the same effect: State ex rel. Green v. Henderson, 164 Mo. 347, 64 S.W. 138, 86 Am.St.Rep. 618; Cooper v. Yoakum, 91 Tex. 391, 392, 43 S.W. 871; Aetna Ins. Co. v. Dancer, Tex.Com.App., 215 S.W. 962. In 2 R.C.L., sec. 82, p. 106, and 15 R.C.L., sec. 11, p. 578, the rule is announced that "where a statute requires an appeal to be taken within a certain time after the rendition of the judgment, the time is computed from the date when the judgment is pronounced by the court and not from the subsequent date of its entry by the clerk."

Hence, a judgment is rendered on the date it is pronounced in open court, that is, the date on which the trial judge in open court declares his decision of the law upon the matters at issue. And the time within which an appeal bond or affidavit in lieu thereof, under the provisions of Articles 3699 and 3701, Revised Civil Statutes, must be filed with the county clerk, where judgment is entered at the same term of court at which judgment is rendered, is reckoned from the date the judgment is pronounced in open court. Kittrell v. Fuller, Tex.Civ.App., 281 S.W. 575; Richards v. United States Cold Storage Co., 131 Tex. 148, 112 S.W.2d 445; Cleburne National Bank v. Bowers, 130 Tex. 637, 112 S.W.2d 717; Id., Tex. Civ.App., 113 S.W.2d 578; Samuel Glass Co. v. Martin, Tex.Civ.App., 131 S.W.2d 325.

The judgment of the trial court is affirmed.