LUCY SIGLER V. REALTY BOND & MORTGAGE COMPANY ET AL.

No. 7449. Decided April 3, 1940.
Rehearing overruled May 29, 1940.
(138 S. W., 2d Series, 537.)

*W. L. Coley*, of Fort Worth, for appellant.

As the judgment was duly rendered and nothing remained to be done except the ministerial act of the clerk in entering said judgment in the minutes of the court, is was and is undisputedly the judgment of the court, regardless of when it was reduced to writing and entered by the clerk. Camoron v.

Thurmond, 56 Texas 22; Ximenes v. Ximenes, 43 Texas 458; Burns v. Skelton, 68 S. W. 527.

*McLean & Scott, Glover Johnson, James & Conner, E. E. Sanders, R. V. Nichols, Slay & Simons, Richard U. Simons,* and *Samuels,. Foster, Brown & McGee,* all of Fort Worth, for appellees.

Cited cases used in opinion.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

The Court of Civil Appeals reversed the judgment of the district court and remanded the cause, but pending motion for rehearing certified one question to this Court.

The suit, which is by appellant against appellees for damages on account of alleged misrepresentations, was filed in the district court for the 48th Judicial District, being one of the district courts of Tarrant County for which the rules of practice and procedure are prescribed by Article 2092 of the Revised Civil Statutes of 1925, as amended. Acts 41st Legislature, 1929, Ch. 222; Acts 41st Legislature, 1930, 5th Called Session, Ch. 70; Acts 43rd Legislature, 1934, 3rd Called Session, Ch. 33; Acts 44th Legislature, 1935, Ch. 249; Acts 46th Legislature, 1939, Ch. 28, p. 205.

The case was tried in the district court without a jury during the term that began on the first Monday in May and ended August 4, 1934. Article 199, Sec. 17, Revised Civil Statutes of 1925. The trial was completed and judgment was pronounced by the court on July 12, 1934, that the plaintiff take nothing by her suit, but judgment was not entered on the minutes during the term at which the case was tried and judgment rendered.

The plaintiff, appellant here, without filing motion for new trial, undertook to appeal from the judgment by filing on July 25, 1934, an affidavit of inability to pay costs of appeal or give security therefor. On August 13, 1934, which was during the term succeeding that in which the case was tried and judgment rendered, the judge of the district court signed and the clerk entered on the minutes a judgment which had been prepared by the defendants, appellees here. That judgment, as entered, made no reference to the fact that the case had been tried and the judgment in fact rendered at the preceding term. It was written as if the case had been tried and the judgment rendered on August 13, 1934, the date of its entry,

and it does not purport to be a judgment nunc pro tunc. It recites that on this the 13th day of August, 1934, the case came on for trial; that the parties appeared and waived a jury; that the court after hearing the evidence finds that the plaintiff is not entitled to recover against the defendants; that the court orders, adjudges and decrees that the plaintiff be denied a recovery against the defendants; and that the plaintiff then and there excepted to the judgment and gave notice of appeal.

After the record was filed in the Court of Civil Appeals, that court granted appellees' motion to dismiss the appeal, holding that appeal had not been perfected because, according to the transcript, the affidavit of inability to give security for costs of appeal was filed before the judgment was rendered.

On October 2, 1935, the district court heard a motion filed in that court by appellant wherein she asked that the judgment as filed with the clerk on August 13, 1934, be corrected by order of the court so as to show that the case was in fact tried and judgment rendered by the court on July 12, 1934. The order of the district court made and entered after hearing that motion is as follows:

"ORDER CORRECTING JUDGMENT.

"On this 2nd day of October, 1935, came on to be heard the motion of Lucy Sigler, plaintiff in the above entitled and numbered cause, for the correction of the judgment pronounced by this Court:

"Plaintiff appeared by her attorney, W. L. Coley, and the defendants appeared by attorneys Richard Simon and R. V. Nichols, and thereupon it was agreed by said attorneys for the defendants that the cause was actually heard on the 12th day of July, 1934, before the court, a jury having been waived, and at the conclusion of the evidence and argument of counsel for the respective parties, the Court announced from the bench his judgment for the defendants and that plaintiff take nothing by her suit; and that the attorney for plaintiff then and there excepted to said judgment and gave notice of appeal to the Court of Civil Appeals for the Second Supreme Judicial District of Texas, and that said judgment was afterward written by the defendants, presented to and signed by the Court and entered by the clerk on the 13th day of August, 1934.

"The Clerk of this Court is therefore ordered and directed by the court to file and record this instrument so that the record may show the facts as above stated."

Thereafter, the appellant presented to the Court of Civil Appeals, in connection with her motion for rehearing, and to

reinstate the cause, a certified copy of the order of district court entered October 2, 1935. Before acting upon the motion for rehearing, however, the Court of Civil Appeals certified to the Supreme Court, with a statement of the facts above set out, the following question:

"And in view of the importance of the question, which may arise in other cases, we deem it advisable to certify to your Honorable Court for determination, whether or not we may in our discretion grant the motion and reinstate the appeal, notwithstanding appellant's failure sooner to have the trial court make the correction in the judgment there rendered, and bring up a supplemental transcript showing such correction, and especially before the motions to dismiss the appeal were acted on by this court?"

The Supreme Court answered the question thus:

"That the Court of Civil Appeals may in its discretion grant the motion to file the supplemental transcript, and may grant the motion to reinstate the cause for the purpose of giving consideration to the additional order in connection with the motions to dismiss."

The answer was qualified, however, by the following statement:

"This opinion must not be construed as containing any intimation as to the weight to be given the supplemental order of the trial court, or as to what should be the action of the Court of Civil Appeals upon the motions to dismiss." 130 Texas 585, 112 S. W. (2d) 180.

After receiving the Supreme Court's answer to the certified question, the Court of Civil Appeals set aside its order dismissing the appeal, reinstated and heard the cause and rendered judgment reversing the judgment of the district court and remanding the cause for trial.

On their motions for rehearing in the Court of Civil Appeals appellees again urged the contention presented in their motion to dismiss the appeal, that the Court of Civil Appeals was without jurisdiction because the affidavit in lieu of appeal bond was not filed in proper time. The Court of Civil Appeals, deferring action on appellees' motions for rehearing, has again certified to the Supreme Court a question in the case. The question now presented by the Court of Civil Appeals is: "Did this Court err in reinstating the appeal after we permitted appellant to file the amended trial court order?"

■ Appellant's motion to dismiss the certificate is overruled. The certified question, taken literally, was answered by the former opinion of this court, for it was therein said in answer to the question first certified that the Court of Civil Appeals might, in its discretion permit the filing of the supplemental transcript and grant the motion to reinstate the cause for the purpose of giving consideration to the additional order in connection with the motions to dismiss. However, when the question now certified is read in connection with the entire certificate, it appears to inquire whether the Court of Civil Appeals, after giving consideration to the additional order of the trial court contained in the supplemental transcript, should sustain the motion of appellees to dismiss the appeal. The certificate is subject to dismissal because it is not accompanied by a tentative opinion as required by Amended Rule 15 for the Supreme Court. 126 Texas v., 99 S. W. (2d) xxix. But we do not dismiss the certificate because the case has been so long delayed in the appellate courts.

After careful consideration of the judgment entered by the trial court on August 13, 1934, and of the order of that court made and entered October 2, 1935, we have reached the conclusion that there has been no judgment entered in this case in the district court from which an appeal could be taken.

■ No judgment was entered in the minutes of the district court during the term at which the case was tried and judgment rendered by the court. A judgment to be effectual must be entered of record. Ex Parte Rains, 113 Texas 428, 433, 257 S. W. 217; Hamilton v. Empire Gas & Fuel Co., 134 Texas 377, 110 S. W. (2d) 561, 566. As said by Judge Quinan in Camoron v. Thurmond, 56 Texas 22, 28, "All judgments must be entered in the minutes by the clerk under the direction of the court, for without this there can be no proof made of the judgment in other courts, and the party in whose favor it is rendered can have no benefit from it." Associate Justice Brown in Palmo v. S. W. Slayden & Co., 100 Texas 13, 15, 92 S. W. 796, quoted with approval from the opinion of Associate Justice Gould in Hill v. State, 41 Texas 253, 255, as follows: "The trial may well be held incomplete until all issues of law as well as of fact have been determined and the final judgment entered. Until this is done no appeal can be prosecuted." See also Coleman v. Zapp, 105 Texas 491, 495, 151 S. W. 1040; Texas & N. O. R. Co. v. Texas Tram & Lumber Co., 50 Texas Civ. App. 182, 110 S. W. 140, 142.

■ It is well settled by the decisions above cited and other

authorities that appeal cannot be taken from a judgment that has been pronounced or rendered but has not been entered of record. The statement last made is subject to this qualification: steps for the perfection of appeal, as the giving of notice of appeal or filing of appeal bond, may be taken after the rendition of judgment and before its entry, provided the judgment is in fact entered of record before the expiration of the term at which it was rendered. Cleburne National Bank v. Bowers, 130 Texas 637, 112 S. W. (2d) 717; Richards v. United States Cold Storage Co., 131 Texas 148, 112 S. W. (2d) 445; Samuels Glass Co. v. Martin, 131 S. W. (2d) 325.

██ Since the judgment rendered herein in the district court on July 12, 1934, was not entered during the term at which it was rendered, an appeal from it was not perfected by the filing on July 25, 1934, of affidavit in lieu of appeal bond, followed by the filing of transcript and statement of facts in the Court of Civil Appeals. In such circumstances, that is, when the term during which judgment was rendered, has ended, without the entry of judgment in the minutes, the proper procedure for appeal is to cause the entry at a subsequent term of judgment nunc pro tunc and to perfect the appeal from the judgment. Then the right of appeal dates from the entry of such nunc pro tunc judgment. Palmo v. S. W. Slayden & Co., 100 Texas 13, 92 S. W. 796; Coleman v. Zapp, 105 Texas 491, 151 S. W. 1040; Peurifoy v. Wiebusch, 125 Texas 207, 82 S. W. (2d) 624; Texas & N. O. R. Co. v. Texas Tram & Lumber Co., 50 Texas Civ. App., 182, 110 S. W. 140.

No judgment nunc pro tunc has been entered in this case. No effect can be given to the judgment entered August 13, 1934. It does not purport to be a judgment nunc pro tunc. It does not recite that the case was tried and judgment rendered at the preceding term on July 12, 1934, and it does not undertake to render judgment as of that date. Its recitals, all of which are untrue, are that the cause was tried on August 13, 1934, that judgment is rendered on that date for the defendants, and that the plaintiffs then and there excepted and gave notice of appeal. Harrison v. Orr (Com. App.) 296 S. W. 871, 876. The Court was without authority to try the cause and render judgment on August 13, 1934, when the cause had been tried and judgment rendered at the preceding term. It was likewise without authority to enter a judgment on August 13, 1934, reciting that it had done what in fact it had not done and what it had no authority to do.

█ The order entered by the district court on October 2, 1935,

and appearing in the supplemental transcript is not a judgment nunc pro tunc; neither did it have the effect of converting the void judgment of August 13, 1934, into a judgment nunc pro tunc. The recitals of this order, as were those of the judgment of August 13, 1934, are, to use the language of Judge Nickels in Harrison v. Orr (Com. App.) 296 S. W. 871, 876, "wholly inappropriate in a proceeding for entry of a judgment nunc pro tunc." This order amounts to nothing more than evidence of record showing the invalidity of the judgment entered August 13, 1934. It recites that the case was in fact tried and judgment rendered on July 12, 1934, that the judgment was afterward written by the defendants, presented to and signed by the court and entered by the clerk on the 13th day of August, 1934, and concludes with the statement that the clerk is ordered and directed by the court to file and record "this instrument" so that the record may show the facts as therein stated.

■ Since the case has been tried in district court and judgment rendered but no valid entry of judgment ever made, judgment may yet be entered nunc pro tunc, notwithstanding the long lapse of time since judgment was rendered. Coleman v. Zapp, 105 Texas 491, 151 S. W. 1040; Palmo v. S. W. Slayden & Co., 100 Texas 13, 92 S. W. 796; Trotti v. Kinnear, 144 S. W. 326; Burns v. Skelton, 29 Texas Civ. App., 453, 68 S. W. 527 (application for writ of error refused).

■ In view of the fact that appellant in his attempted appeal filed an affidavit of inability to pay or give security for costs, we think it is not inappropriate to suggest to the Court of Civil Appeals that, if judgment nunc pro tunc is entered in district court and appeal is taken after the entry of such judgment, it may permit the filing and use in that appeal of the statement of facts and the transcript (with, of course, the necessary supplement thereto) that have been filed in the case now pending in that Court.

We answer the certified question as follows: The Court of Civil Appeals did not err in reinstating the appeal for the purpose of giving consideration to the order contained in the supplemental transcript in connection with the motion to dismiss the appeal, but, after giving consideration to the order, the Court of Civil Appeals should have dismissed the appeal for the reasons which have been stated in this opinion.

Opinion adopted by the Supreme Court April 3, 1940.

Rehearing overruled May 29, 1940.