## LOPER et al. v. HOSIER.

### No. 13134.

Court of Civil Appeals of Texas. Dallas.

Jan. 4, 1941.

On Motion for Rehearing Feb. 15, 1941.

Further Rehearing Denied March 15, 1941.

D. A. Frank and D. A. Frank, Jr., both of Dallas, for appellants.

Jack C. Burroughs, of Dallas, for appellee.

LOONEY, Justice.

Appellants duly perfected an appeal from the judgment rendered against them in the court below, and filed a transcript and statement of the facts in this court on October 19, 1940, which was more than ninety days from the date the order overruling appellants' motion for a new trial was pronounced, but less than ninety days from the date the order was entered upon the minutes of court.

On October 19, appellee filed a motion to affirm on certificate, based on the contention that, the transcript and statement of facts were not filed in this court within ninety days from July 12, 1940, the date the court announced the order overruling appellants' motion for a new trial; and on October 21, filed a supplemental motion, praying that the record filed in this court by the appellants be dismissed, and that the case be affirmed on certificate, as prayed in the original motion.

At a former day, the court sustained appellee's motion, dismissed from the docket the record filed herein by appellants, and affirmed the judgment below on certificate.

The case is pending on appellants' motion for rehearing. The contention is made that, having filed the record in this court within ninety days from the entry upon the minutes of the order overruling their motion for a new trial, they complied with the law; hence the court erred in striking from the docket the record filed by them, and in affirming the judgment on certificate.

Thus, it appears that, the only question presented for decision is, whether the time (ninety days) for filing the record in this court is to be reckoned from the date of the pronouncement of the order overruling appellants' motion for a new trial, or from the date of the actual entry upon the minutes of the order overruling the motion.

The right of appeal in civil cases is given by statute (Art. 2249, Vernon's Ann.Civ.St.) from "every final judgment"

of the district and county courts. This is a general statute, controlling in all appeals, except from interlocutory orders allowed by other provisions of the statute. The statute provides that notice of appeals shall be given in open court within two days "after final judgment," or "after judgment overruling a motion for a new trial" (Art. 2253); and Art. 1839 requires the transcript and statement of facts to be filed in the Court of Civil Appeals within sixty days from the "final judgment or order overruling motion for new trial * * *". Under Articles 2092, subd. 31, and 2093a, subd. 4, of the Special Practice Act, applicable to the district courts of Dallas County, appeals are required to be perfected, within the time mentioned, after judgment or order appealed from is rendered, or after a motion for new trial is overruled; and the ninety days within which the record shall be filed in the Court of Civil Appeals is also reckoned from the date of the same events. See Hanks v. Texas Employers Ins. Ass'n, 133 Tex. 187, 128 S.W.2d 1.

We think it obvious from these provisions of the statute that the time prescribed for perfecting appeals from the district court and for filing the transcript and statement of facts in the Court of Civil Appeals is to be reckoned from the identical event, that is, the rendition of a final judgment. So, this leads to the inquiry, when is a judgment final and appealable, within the meaning of the statute? Is it when the judgment is pronounced by the judge in open court, and/or a memorandum thereof made upon the docket, or is it when the final entry is made upon the minutes as a part of the record of the court?

■ There is a distinction between the mere pronouncement or rendition of a judgment or order, and the entry of same upon the minutes of the court. To be appealable, the judgment or order must be entered upon the minutes. This doctrine is stated in 3 Tex.Jur., sec. 51, pp. 103, 104, as follows: "To be appealable a judgment or order must not only be pronounced by the court—that is rendered—but it must be entered upon the minutes, there being a distinction between the mere rendition and entry as a part of the record. Accordingly it has been decided that in so far as the right of appeal is concerned it is immaterial that a judgment was rendered outside the county if regularly entered up-

on the minutes of the court in the proper county. As a rule a mere docket entry is not sufficient to constitute a judgment or decree of the court. So it has been held that a brief notation on the docket to the effect that a motion is overruled will not be considered as an order or judgment of the court. And with regard to a motion it has been decided that the word 'granted,' written upon the face of the motion and signed by the judge, without any further entry of the decision, is not a judgment from which an appeal will lie."

■ This is also the doctrine the country over, as appears from the following; in 33 C.J. p. 1055, it is stated that: "An order merely directing or authorizing the entry of judgment in the case does not constitute a judgment; to have this effect it must be so worded as to express the final sentence of the court on the matters contained in the record and to end the case at once, without contemplating any further judicial action." And in 15 R.C.L. sec. 4, pp. 570, 571, the doctrine is announced that, "A judgment should be complete and certain in itself, and must appear to be the act and adjudication of the court, and not a mere memorandum of the action of the court. An entry in writing on the minutes of the proceedings of the court from which the record is made up does not in itself constitute the judgment, and the judge's minutes are not records from which to ascertain the judgment of the court, where they consist of memoranda which the judge makes upon his own docket, and which the law does not require him to make, but which are merely kept by him for his own convenience, and to enable him to see that the clerk accurately makes up the record. A judge's calendar on which are entered the judge's conclusions for the guidance of the clerk does not constitute a judgment. An order for judgment is not a judgment, nor does the entry of such order partake of the nature and qualities of a judgment. Thus while an order of court dismissing an action for jurisdictional reasons will authorize the clerk of the court to enter judgment, such an order does not itself constitute a judgment, nor is it a final determination of any question. * * * In accordance with this principle it has been held that the words, 'at this day the court ordered this cause dismissed, at plaintiff's costs, taxed at three dollars and forty cents,' do not constitute a final

892

judgment, but amount merely to an order directing the entry of a judgment of dismissal."

■ But we are not without a controlling statute, as Art. 1899 provides that all judgments pronounced shall be entered in the minutes of court by the district clerk "under direction of the judge." This statute reads: "Such clerks shall keep a fair record of all the acts done, and proceedings had, in their respective courts; *enter all judgments of the court, under direction of the judge* [italics ours], and keep a record of all executions issued and the returns thereon, in record books to be kept for the purpose." In several cases our courts have held that, judgments pronounced in open court, and later reduced to writing and signed by the judge, are final within the meaning of this statute. See Cleburne Nat. Bank v. Bowers, 130 Tex. 637, 112 S.W.2d 717; Richards v. United States Cold Storage Co., 131 Tex. 148, 112 S.W.2d 445. So we think the conclusion inescapable that, the mere pronouncement of a judgment, or a docket entry to that effect is wholly lacking in finality and is not appealable until either entered in the minutes of court, under direction of the judge, as provided in Art. 1899, or is written out in extenso and signed by the judge, which, as just shown, the courts hold, imports finality, and is equivalent to its entry upon the minutes "under direction of the judge."

We think it obvious that the fact giving finality to a pronounced judgment is its entry in the minutes under the direction of the judge, as required by statute, or when it is written out in extenso and signed by the judge, which, as held in the cases cited, is tantamount to the same thing, for in either event, the judgment in its full and final form receives judicial sanction, and, until that is had, the pronouncement and/or docket entries are but interlocutory in nature, subject to change, and not appealable.

However, in view of the decisions, we do not think the question is an open one in this state. This court, following the doctrine announced in many preceding cases, decided the question in Gilmore v. Ladell, 34 S.W.2d 919, as will appear from the following excerpt; we said: "Appellants' motion for a new trial was overruled in the court below on July 23, 1930, the order was not entered on the minutes until September 11, 1930, but on August 21, 1930, appellants attempted to perfect an appeal in forma pauperis. This attempt, however, was abortive, because the case was not ripe for appeal until the order overruling the motion was in fact entered upon the minutes. Speaking of a situation presented in Texas, etc., Co. v. Texas T. & L. Co., 50 Tex.Civ.App. 182, 110 S.W. 140, 142, such as we have here, Judge Pleasants said: 'The appeal was not perfected within the prescribed time from the original rendition of the judgment. Appellant could not have sustained an appeal from a judgment which the record did not show to have been entered, and therefore was not required to perfect its appeal until the judgment was entered. So long as the judgment remained unentered there was no necessity of an appeal, and it seems to be settled that in such case the right of appeal dates from the entry of the judgment.'" (Citation of many authorities.)

The Supreme Court, having refused application for a writ in this case, necessarily approved the doctrine announced. We also announced the same doctrine in Hamilton Motor Co. v. Muckleroy, 46 S.W.2d 451, and in Brinkley v. State, 49 S.W.2d 516. The Beaumont court made a similar holding in Commercial State Bank v. Blackwell, 61 S.W.2d 563; the San Antonio Court, in Reed v. Arnold, 103 S.W.2d 1100; and the Fort Worth court, in Merrick v. Street, 84 S.W.2d 518.

■ In the Gilmore-Ladell case, supra, we cited and quoted from cases involving appeals from nunc pro tunc judgments entered at a later term of court; the holdings being that, until the nunc pro tunc entry, the judgment was not final or ripe for an appeal. Obviously, this would be just as true of a belated entry of judgment at the same term of court, as to a nunc pro tunc entry at a subsequent term, for in neither case would the mere pronouncement of judgment justify an appeal, because not endued with finality, which is imparted only when the full and final draft of the judgment receives judicial approval. As before shown, where the judgment is entered upon the minutes by the clerk, the presumption obtains that, it was under the direction of and met the approval of the judge; also where, as has been held in the cases cited, the judgment as pronounced is reduced to writing and signed by the judge, it also receives judicial approval; the requisite fact in either event being that, the judgment, in its full and final form,

receive judicial sanction which gives to it finality. Failing to find a single authority to the contrary, we conclude on principle, and in harmony with the unbroken line of authorities, that, appellants filed the transcript and statement of facts in this court within ninety days after the order overruling their motion for a new trial became a final judgment.

The only cases called to our attention, possessing a semblance of analogy to the case at bar, are Richards v. United States Cold Storage Co., 131 Tex. 148, 112 S.W.2d 445, and Cleburne Nat. Bank v. Bowers, 130 Tex. 637, 112 S.W.2d 717, heretofore commented upon; but, as shown, the judgment appealed from in each of these cases was reduced to writing and signed by the judge before the clerk performed the ministerial act of spreading same upon the minutes; hence, the court held in each case that the judgment became final and appealable when it was reduced to writing and signed by the judge, thus directing the clerk to enter same upon the minutes, as provided in Art. 1899, R.C.S.

■ We have written somewhat at length on the subject, owing to the seeming confusion that has arisen from certain language used by the Court of Civil Appeals in United States Cold Storage Co. v. Richards, 99 S.W.2d 697; by the Commission of Appeals, in the same case, 131 Tex. 148, 112 S.W.2d 445; also in Cleburne Nat. Bank v. Bowers, 130 Tex. 637, 112 S.W. 2d 717. As just shown, the judgment appealed from in each of these cases was reduced to writing and signed by the judge, before being entered in the minutes. So it appears that neither of the cases presented the identical question involved in Gilmore v. Ladell, supra, where the judgment was not reduced to writing and signed by the judge, and the premature attempt at appeal was from the judgment, prior to its entry upon the minutes. Notwithstanding the Supreme Court refused a writ of error in Gilmore v. Ladell, supra, the Court of Civil Appeals, obviously assuming that the same question was presented in United States Cold Storage Co. v. Richards, 99 S.W.2d 697, 698, said: " * * * we decline to follow the opinion which deals with the issue of want of jurisdiction because the appeal bond was filed before the clerk actually copied the order overruling the motion for a new trial in the minutes. We do not believe that such pronouncement in the Gilmore

Case, supra, is the law, and we so hold." We respectfully submit that the Court of Civil Appeals was mistaken in assuming that, in the Gilmore-Ladell case, the trial court signed an order for judgment, because such is not reflected by the record, therefore, the cases do not present the identical question. But in discussing the case, under the style of Richards v. United States Cold Storage Co., 131 Tex. 148, 112 S.W.2d 445, 446, the Commission of Appeals, while approving the doctrine announced by this court in Gilmore v. Ladell, supra, seemingly implied that a different rule obtains, where an appeal is prosecuted from a nunc pro tunc judgment entered at a subsequent term, from the rule applicable where an appeal is from a belated entry at· the term the judgment is pronounced. We do not think there exists any reason for a different rule, as the only difference is merely one of nomenclature; the entry of a judgment at a subsequent term is denominated "nunc pro tunc" to distinguish it from an entry during the term at which the judgment is pronounced, but the reason why neither is appealable until entered upon the minutes, or reduced to writing and signed by the judge, obviously is because the statute (Art. 1899) provides that, the clerk shall enter judgments "under direction of the judge."

In Cleburne Nat. Bank v. Bowers, 130 Tex. 637, 112 S.W.2d 717, the Commission of Appeals, answering a certified question from the Court of Civil Appeals, held that the latter court did not err in holding that the judgment appealed from became final and appealable when reduced to writing and signed by the judge, although not spread upon the minutes until later. We are in absolute accord with that doctrine. But, in its certificate to the Supreme Court, the Court of Civil Appeals said: "It appears that our opinion is in conflict with the holding of· the San Antonio Court of Civil Appeals, in the case of Earnest v. Couch, 66 S.W.2d 483 * * *," and in disposing of the case, the Commission of Appeals, at the conclusion of a discussion, said: "This conclusion appears to be in conflict with the case of Earnest v. Couch, Tex.Civ.App., 66 S.W.2d 483, and that decision is hereby disapproved."

We respectfully submit that, on close examination, no conflict such as was mentioned will be found to exist. The appeal attempted in Earnest v. Couch, supra, as in Gilmore v. Ladell, supra, was from a judg-

ment that had not attained the status of finality, because not entered upon the minutes of court until after the abortive attempt at an appeal was made, and in neither had the judgment been reduced to writing and signed by the judge, prior to being entered upon the minutes, as was done in Cleburne Nat. Bank v. Bowers, supra. From all this, we think confusion has arisen as to the correct rule that should guide the practitioner in perfecting appeals and in filing records in Courts of Civil Appeals, and this confusion, in our opinion, was not removed by the language of the Commission in Cleburne Nat. Bank v. Bowers, 130 Tex. 637, 112 S.W.2d 717, 718, stating: "This opinion is not to be construed as constituting any authority upon the question of when the right of appeal begins in cases where a motion for new trial is filed under Art. 2253, nor as affecting the question of when the time for filing transcript in the appellate court begins to run."

To summarize, we are of opinion and so hold (1) that, as provided in Art. 2249, appeals are allowed only from final judgments, except from certain interlocutory orders expressly provided for; (2) that a judgment becomes final and appealable only when entered upon the minutes of court, or when reduced to writing and signed by the judge, tantamount to the same thing, as provided by Art. 1899, R.C.S.; and (3) that, the date from which to reckon the time within which any appeal may be perfected and/or the record filed in the Court of Civil Appeals is precisely the same, that is, the date on which the judgment becomes final.

For the reasons heretofore stated, appellants' motion for rehearing is granted and the former order of this court, striking appellants' record and affirming the judgment below on certificate, is set aside, and appellee's motions to strike and to affirm on certificate are overruled.

On Motion for Rehearing.

PER CURIAM.

On motion for rehearing filed by appellee, our conclusion of law is not challenged that "a judgment becomes final and appealable only when entered upon the minutes of court, or when reduced to writing and signed by the judge, tantamount to the same thing, as provided by article 1899, R.C.S."; so, for the purpose here, we will adhere to our opinion reflecting our views on the law applicable to such cases. How-

ever, we reach a finding that the order of the trial court, overruling appellants' (defendants) motion for new trial, was reduced to writing and signed by the trial judge on the 12th day of July, 1940, and that the transcript and statement of facts were filed in this court on October 19, 1940, the ninety-ninth day after the judgment had become final.

The order of the trial court overruling appellants' motion for new trial, from which the filing of transcript and statement of facts in this cause must be reckoned, pertinent here, reads: "This the 12th day of July, 1940, came on to be heard the motion of defendant for new trial * * * it is, hereby overruled, * * * defendant then and there in open court excepted, * * * gave notice of appeal * * *", signed by the trial judge. The trial court's docket sheet evidences the order having been signed on July 12, 1940, reciting: "July 12, 1940—ent. order overruling defendant's motion for new trial, J. 539."; also, the "cost bill" corroborates the entry, as follows: "July 12, 1940—E/O" (meaning, "enter order") "overruling defendant's motion for N. Trial" (meaning, "new trial"). Under article 1822, R.S., courts may make inquiry into jurisdiction and hear extrinsic evidence to show that a record does not speak the truth, where it shows jurisdictional facts. Accordingly, attached to appellee's motion for rehearing and to appellants' answer to the motion, are affidavits of the respective attorneys, pro and con, on the issue. Also, there is attached an affidavit of the trial judge to the effect that the order as entered speaks for itself. Thus, we are driven to the conclusion that the jurisdictional fact in issue is determinable from the record on file, and that the motion for new trial was reduced to writing and signed by the trial judge on the date shown therein, July 12, 1940, tantamount to the entry upon the minutes of the court, and the final judgment within the statute authorizing appeals, from which is reckoned the time for filing of the record in the Court of Appeals. Richards v. United States Cold Storage Co., 131 Tex. 148, 112 S.W.2d 445; Cleburne Nat. Bank v. Bowers, 130 Tex. 637, 112 S.W.2d 717.

Therefore, for the reasons above stated and the law applicable to such case, as pronounced in our original opinion, appellee's motion for rehearing is granted, the order of this court, dated January 4, 1941, sustaining appellants' motion for rehearing,

is set aside, and the order dated November 9, 1940, sustaining appellee's motion to strike appellants' attempted appeal and affirming the judgment of the court below on certificate, is reaffirmed.