## GREAT PLAINS OIL & GAS CO. v. COX.
### (No. 3011.)

Court of Civil Appeals of Texas. Amarillo.
Feb. 8, 1928.

1. Appeal and error ⬳134(2)—Docket entry, dissolving injunction and fixing amount of supersedeas bond, was not "judgment" within statute relating to filing transcript (Rev. St. 1925, art. 4662).

Docket entry made by trial judge, dissolving temporary injunction and fixing amount of supersedeas bond, was not such "judgment" as is contemplated by Rev. St. 1925, art. 4662, providing that party aggrieved may appeal by filing transcript with clerk of appellate court not later than 20 days after entry of record of order or judgment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Judgment (in Law).]

2. Appeal and error ⬳622—Where docket entry dissolving injunction was made December 12, but judgment was entered on minutes December 30, transcript filed January 14 was filed in time (Rev. St. 1925, art. 4662).

Where docket entry was made December 12, 1927, dissolving injunction and fixing amount of supersedeas bond, and judgment was pre-

pared and presented to trial judge on December 12 and approved by him, but judgment was not entered upon minutes until December 30, 1927, and appeal bond was filed December 30, 1927, transcript filed in appellate court on January 14, 1928, was filed within time required by Rev. St. 1925, art. 4662, requiring transcript to be filed not later than 20 days after entry of record of order or judgment, since appeal, as general rule, does not accrue until entry of judgment pronounced by court upon its merits, and appeal should not be dismissed.

Appeal from District Court, Potter County; W. E. Gee, Judge.

Action between the Great Plains Oil & Gas Company and M. H. Cox. From the judgment, the former appeals. On motion to dismiss appeal. Motion overruled.

F. H. McGregor and F. A. Cooper, both of Amarillo, for appellant.

Cooper & Lumpkin, of Amarillo, for appellee.

HALL, C. J. The appellee has filed a verified motion to dismiss the appeal in this case, in which it is shown that the appeal is from an order dissolving a temporary injunction upon motion of the appellee in the court below; that the motion was heard on the 12th day of December, 1927; that the transcript was not filed in this court until the 14th day of January, 1928; that the trial court made an entry on his docket on the 12th day of December, dissolving the injunction and fixed the amount of supersedeas bond at $2,000; that the judgment was prepared in accordance with the court's order and presented to the trial judge on December 12th, and approved by him.

The motion recites that, at the request of attorneys for appellant, they were permitted to take the draft of the judgment which had been approved by the court for the purpose of examining it; that they took it to their office and retained possession thereof until about the 30th day of December, 1927, when they returned it to the clerk, and it was, on that date, entered upon the minutes; that the appeal bond was filed on the 30th day of December, 1927.

It is not charged nor intimated that appellant's attorneys were prompted by any improper or ulterior motive in failing to return the draft of the judgment to the clerk before the 30th day of December, 1927.

In the matter of appeals in injunction proceedings, the necessary steps to perfect the appeal are provided by the statute relating to such proceedings. Article 4662, Rev. St. 1925, provides that the party aggrieved may appeal by filing the transcript in such case with the clerk of the appellate court "not later than twenty days after the entry of record of such order or judgment."

[1, 2] The docket entry made by the trial judge on December 12th was not such a judgment as is contemplated by this article of the statute. The right of appeal, as a general rule, does not accrue until the entry of the judgment pronounced by the court upon its minutes; there being a distinction between the mere rendition of a judgment and its entry as a part of the record. It is held that the right to appeal from a judgment rendered at one term of the court, but not duly entered upon the minutes, does not accrue until such entry is made by a judgment nunc pro tunc at a subsequent term.

Upon the authority of the following cases, sustaining the principles announced, we overrule the motion to dismiss: Ex parte Rains, 113 Tex. 428, 257 S. W. 217; Stripling v. Partin (Tex. Civ. App.) 223 S. W. 527; Burnette v. Miracle (Tex. Civ. App.) 295 S. W. 214; Sumrall v. Russell (Tex. Civ. App.) 262 S. W. 507; Rust v. State, 31 Tex. Cr. R. 75, 19 S. W. 763.

Motion overruled.