### FRANKFURT v. GRAYSON.
### No. 1556.

Court of Civil Appeals of Texas. Waco.

Feb. 1, 1934.

J. J. Fagan, of Dallas, for appellant.

Geppert, Geppert & Victery, of Teague, for appellee.

ALEXANDER, Justice.

We find in the transcript of this case a purported judgment overruling a plea of privilege, which judgment purports to have been rendered on September 22, 1933, the last day of that term of court. The appellee, in a motion filed to strike the statement of facts, and the appellant in his reply thereto, concede that the purported judgment found in the transcript was not entered during the term of court at which the case was tried. The clerk certifies that said judgment was actually filed and entered in the minutes on November 27, 1933, which was after the court had adjourned. There is nothing in the record to show that the trial court authorized the entry of judgment nunc pro tunc after adjournment of the term.

The general and well-established rule is that, in order to be appealable, a judgment or order must not only be pronounced by the court—that is, rendered—but it must be entered upon the minutes. 3 Tex. Jur. 103; Great Plains Oil & Gas Co. v. Cox (Tex. Civ. App.) 2 S.W.(2d) 567; Shields v. Amicable Life Ins. Co. (Tex. Civ. App.) 287 S. W. 293. In fact, there is no way for the appellate court to determine what judgment was actually rendered by the trial court until such judgment has been entered in the minutes.

It is likewise well settled that the entry of a judgment upon the minutes of the court after adjournment of the term without an order of the court authorizing the entry of said judgment nunc pro tunc is a nullity, and that such purported judgment constitutes no part of the record on appeal. In the case of Hubbart v. Willis State Bank (Tex. Civ. App.) 119 S. W. 711, 713, it is said: "Clearly no appeal could be prosecuted from a judgment

534

rendered, but not entered upon the minutes, and yet such appeal must be instituted within a limited time from the adjournment of the court. The right of appeal could then be destroyed if it be held that the clerk in vacation could by his entry of the judgment give it as full force and efficiency as though it had been regularly entered while the court was in session. We therefore hold that the entry of the judgment in this case, made after the adjournment of court, was no part of the minutes of the court, and cannot be regarded as furnishing any authority for the issuance of the execution."

■ It is therefore apparent that no final judgment has been entered in the trial court and that this court is without jurisdiction of the cause. The appeal is therefore dismissed, but without prejudice to appellant's right to prosecute a new appeal in the event judgment nunc pro tunc is entered in the trial court. See, in this connection, 3 Tex. Jur. 277.

Appeal dismissed.