DUNN et al. v. CRAVENS, DARGAN & CO.

No. 3401.

Court of Civil Appeals of Texas. El Paso. Sept. 24, 1936.

Rehearing Denied Oct. 22, 1936.

Henry Yeager and Pat J. Howe, both of Dallas, for appellants.

Touchstone, Wight, Gormley & Price, of Dallas, for appellee.

WALTHALL, Justice.

This case presents an appeal from an order of the district court of Dallas county sustaining a motion to enter a judgment nunc pro tunc. On June 5, 1928, the appellees in this proceeding secured a personal judgment in the Fourteenth district court of Dallas county against appellants and M. L. Moore, A. L. Delcambre, and A. L. Beason. The original judgment was rendered, a note made on the docket of its rendition, but the judgment was never entered on the minutes of the court. Appellee's motion to now enter the original judgment, as of June 5, 1928, was filed in the Fourteenth district court in April, 1934. The motion was heard and sustained on August 9, 1935.

On August 17, 1935, appellants filed their motion for a new trial, which motion the court overruled September 10, 1935, and appellants appeal.

Opinion.

Appellants' first three propositions may be grouped and considered together. The first two propositions submit that the trial court should not have entered judgment nunc pro tunc, and should not have overruled appellants' motion for new trial, when the court knew appellants could not secure a statement of facts for appeal.

The third proposition submits that the court erred in not preparing and filing a statement of facts when properly requested to do so.

It was admitted on the hearing of the motion that Judge Kenneth Foree was the presiding judge of the Fourteenth judicial district court of Dallas county who rendered the original judgment on June 5, 1928, and that he died October 10, 1931, before the proceedings here were commenced. It was established on the hearing of the motion that the official court reporter of the Fourteenth district court did not attend the original trial, or at least did not have notes of the trial of the original hearing, and that the sole record of the action of the trial court upon the trial is the docket entry. It was also admitted that after August 9, 1935, the date at which the motion for the nunc pro tunc judgment was heard, all the court papers in the case utterly disappeared and were lost and without any fault of any one connected with the trial of this case. The court reporter, however, as best he could prepared a 108-page statement of facts which has been filed herein, and which bears a certificate of the court reporter certifying that the 108 pages statement constitutes and contains a true and correct statement, in question and answer form, of all of the facts, together with the exhibits that were introduced into evidence on the trial of the motion to enter judgment nunc pro tunc, and the motion for new trial, identifying the case, and tried on the 9th day of August, 1935, and subsequent days.

The attorneys for the litigants by a statement in writing agree that the prepared statement by the court reporter constitutes and contains a true and correct statement in question and answer form of all the facts together with the exhibits. The presiding judge, Honorable Sarah T. Hughes, approved the statement and ordered it filed as a part of the record in the case.

Appellee in its brief calls our attention to the fact that the 108-page statement of facts does not include the first 13 pages contained in the statement; that the pages are numbered separately and distinct from the 108-page statement; that the 13 pages show certain affidavits (not offered on the hearing of the motion for the nunc pro tunc judgment, but on appellants' motion for a new trial) which the trial court permitted to be filed after the overruling of the motion for new trial.

The opinion of our Supreme Court in Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040, 1041, is in point on the issues presented here.

It is there said the only purpose of appellee's motion is to have the judgment entry applied for speak truly the original judgment as rendered; it neither asserts nor seeks the enforcement of any new right; it presents no issue between the original parties, permits only the accuracy of the record and otherwise involves the adjudication of nothing between them. It is powerless to reopen the controversy as closed and sealed by the original judgment, and makes no attempt to do so. As said in the opinion referred to, the inquiry in the proceedings under the motion "is not what judgment might or ought to have been rendered, but only what judgment was rendered; and such is the sole issue to be determined." Here no amended or

corrected entry is sought or ordered, so that the status of the parties and their relative rights, as decreed and fixed by the judgment, remains untouched and unaltered, and in no sense adjudicated anew, but, as said in the above opinion, only judicially evidenced as originally determined. Without further quoting the verbiage of the opinion above referred to, it is there said, in effect, that it is the concern and duty of the court to have its records faithfully recite its judgments, and that a case is regarded as pending until the judgment rendered is correctly recorded.

In this case the parties agreed and stipulated in writing, in view of the fact that the papers were lost after the hearing of the motion for judgment nunc pro tunc was sustained and motion for new trial was overruled.

The stipulation is as follows:

"No. 7376 A

"Cravens, Dargan & Co. v. M. Murphy & Co. et al. In the 14th Judicial District Court.

"It is agreed by and between the parties plaintiff and defendant, acting through their respective attorneys of record, that the following stipulation contains the substance of certain papers duly filed in this cause used by the parties on the hearing on the motion for judgment nunc pro tunc and the motion for new trial, and since that time have, without fault of anyone connected with this case or without the fault of the District Clerk, been lost and cannot be found.

"The parties do hereby stipulate the contents of the lost pleadings and instruments are as follows:

"One. That on or about August 20, 1927, plaintiffs, James C. Craven, K. S. Dargan, J. R. Craven, and Floyd West, individually, and as co-partners doing business as Cravens, Dargan & Company, and the Union Insurance Society of Canton, Ltd., a corporation duly incorporated filed suit in the 14th District Court of Dallas County Texas, naming as defendants M. L. Moore, A. L. Delcambre, and J. R. Dunn, individually and as co-partners, doing business under the name of M. Murphy & Company, and G. C. Dunn and A. L. Beason as sureties on the bond hereafter described.

"Two. Plaintiffs alleged that they had in the year 1926 appointed M. L. Moore, A. L. Delcambre, and J. R. Dunn, individually and as co-partners, doing business under the name of M. Murphy & Company, as their local insurance agents. That at the time of the appointment and agreement between the plaintiffs and the defendants, doing business as M. Murphy & Company, these said defendants, doing business as M. Murphy & Company, had executed a bond in favor of the plaintiffs, conditioned, among other things, upon their paying to the plaintiffs all sums due or that might become due to the plaintiffs for premiums on policies of insurance issued by them as local agents for the plaintiffs and further conditioned upon the payment of return commissions, upon any and all return premiums or policies, and further conditions upon the payment of any other money that might be due on any other account whatever. Said bond was executed by the defendants, M. L. Moore, A. L. Delcambre and J. R. Dunn, individually and as co-partners doing business under the name of M. Murphy & Company as principals and was executed by G. C. Dunn and A. L. Beason as securities.

"A further provision of the bond was that the defendants, both principals and sureties, would pay to the plaintiffs reasonable attorney's fees if the claim had to be placed in the hands of attorneys for collection.

"Three. The plaintiffs' petition further alleged that various and sundry policies had been issued by the defendants as local agents, and that the premiums, return premiums and the return commissions due by the defendants had not been paid by them to the plaintiffs. An itemized statement of the account was attached to the petition. The Pleadings and the itemized statement alleged that the total amount due the plaintiffs by the defendants was Four Thousand Five Hundred Sixty Seven and 23/100 ($4567.23) Dollars. The petition was sworn to by one of the plaintiffs who was a member of the partnership.

"Plaintiffs alleged that the defendants who were local agents had failed and refused to make a payment of the amount due as had the sureties upon the bond.

"The plaintiffs further alleged that it was necessary for them to place their claim in the hands of attorneys for collection, and had to spend Seven Hundred Fifty ($750.00) Dollars as attorney's fees, which amount was reasonable.

"Four. The parties further stipulate and agree that citation was issued by the District Clerk of Dallas County on August 20,

1927, addressed to all of the defendants, and each and all of them were duly served with citation. On the 23rd day of September, 1927, the citations were duly returned into court with the officer's return showing service upon all of the parties.

"On September 19, 1927, before the return day described in said citation and before default judgment could have been taken, all defendants except J. R. Dunn filed with the District Clerk in this cause their original answer, which consisted of a general demurrer and a general denial. The answers were in proper form and signed by their attorney, A. L. Beason, who was also one of the sureties upon the bond, and was a practicing attorney at the Dallas Bar at that time.

"Five. J. R. Dunn, though duly served with citation, filed no answer.

"Six. It is further stipulated and agreed by and between the parties that the plaintiffs' petition alleged a cause of action as against all the defendants, that the answers of all the defendants except J. R. Dunn were in proper form, and that the issues were joined as between the parties; J. R. Dunn being excepted since he did not file an answer although he was duly served.

"Seven. This agreement is entered into by and between James C. Craven, K. S. Dargan, J. R. Craven and Floyd West, individually and as co-partners doing business as Cravens, Dargan & Company, and the Union Insurance Society of Canton, Ltd. plaintiffs in the trial court, who will be appellees in the Court of Civil Appeals, and the defendants J. R. Dunn and G. C. Dunn who were defendants in the trial court, and appellants in this appeal; said agreement being entered into by and between them, acting through their respective attorneys of record, whose signatures appear below.

"It is further agreed and stipulated by and between the parties, acting through their respective attorneys of record, that the plaintiffs named in Paragraph Seven, above, did in April 1934, file a motion for judgment nunc pro tunc, in the proper form, and had notice issued and served upon the parties defendant.

"This stipulation is entered into this 24th day of October A D 1935."

The stipulation was approved and signed by the presiding judge. The trial court had before it the original docket entries. After stating previous orders, on June 5, 1928, the following entry was made: "Judgment for plaintiff for the sum of $4,567.23 against M. L. Moore, A. M. Delcambre, J. R. Dunn, G. C. Dunn, and A. L. Beason and attorneys fee in the further sum of $750.00. This judgment is against the partnership composed of M. L. Moore, A. L. Delcambre, J. R. Dunn, under the firm name of M. Murphy & Company, and is against them severally and jointly as such partnership, and individually, as prayed."

Entries on the docket of August 9, 1935, show exceptions to defendant's answer overruled and motion to enter judgment nunc pro tunc sustained, to which defendants excepted.

J. C. Durrett, deputy district clerk for the Fourteenth judicial district court during the time Judge Foree was on the bench, identified the above docket entry as having been written by him under the direction of Judge Foree and at a time of the judge's incapacity to write the order on the docket sheet.

Homer Kennedy testified: Was special agent of plaintiffs; of his own knowledge was familiar with the account involved here and attached to plaintiff's petition and made on exhibits; each of defendants refused to make payment on demand; it was necessary to bring the suit for collection; plaintiffs agreed to pay attorneys a reasonable fee for handling the claim.

Charles P. Thompson testified: Was the attorney for plaintiffs in bringing the suit; contracted with plaintiffs for a reasonable fee and consider $750 a reasonable fee; secured service on each defendant; prepared the case for trial; brought witnesses and proved up the case; introduced in evidence the bond, made an exhibit existing between the parties.

The above statements of witnesses are followed in the record by a certificate of the presiding trial judge to the effect that the parties not having agreed upon a statement of facts, and the plaintiff's attorneys having called upon the court to prepare a statement of facts, she (Sarah T. Hughes), judge of the Fourteenth district court of Dallas county, Tex., with the aid of the notation on the docket sheet and affidavits submitted to her by the attorneys for plaintiffs, over their attached certificate, prepared, signed, and filed with the clerk of the court the foregoing three pages of typewritten matter as, and certify they are, a

full, true, and correct statement of all the facts given in evidence, and all the evidence introduced on the trial of the case to the best of her belief, and that they constitute the original statement of facts therein.

To the above action of the court defendant excepted for reasons stated; no right of cross-examination, the affidavits were not presented to the court until October 28, 1935, at which time defendant's attorney read them, on October 26, 1935, and refused to agree to them as the statement of facts; the statement is not in question and answer form; the present judge of the court has no personal knowledge of the facts introduced on the trial. Then follow in the record the bond referred to, and an affidavit of Phillip L. Kelton, one of plaintiff's attorneys, which certify to the trial judge that the attached affidavits of Thompson and Kennedy truly and correctly represent to the court the evidence introduced before Judge Foree on the trial of the case on June 5, 1928, when judgment was rendered and entry made on the official docket sheet.

To the same effect in substance are affidavits of Charles P. Thompson and Homer Kennedy and Tom B. Scott. Then follow in question and answer form the evidence of a number of witnesses heard on August 9, 1935, on plaintiff's motion to enter judgment nunc pro tunc, covering some 108 pages of the record, agreed to by counsel and approved by the court.

On August 9, 1935, after hearing the pleadings, evidence, as above, the court entered an order sustaining plaintiff's motion to enter judgment nunc pro tunc as of June 5, 1928. On August 17, 1935, the court heard evidence on the motion, and on September 10th, the motion was in all things overruled.

■ It is apparent from the record that appellants did not plead or offer to prove on the hearing of plaintiff's motion for judgment that the financial circumstances of the defendants adjudged primarily liable in the original judgment had changed to such extent as to deprive those secondarily liable of the equitable rights of contribution and subrogation, but made such contention for the first time both in their pleading and proof upon their motion for a new trial, and without giving any reason for not presenting such contention to the court on the hearing of the motion for judgment nunc pro tunc, plaintiffs submit

that the trial court was under no obligation to sustain said belated contention.

We feel disposed to sustain plaintiff's contention.

The trial court, however, heard defendants' evidence on such new and independent ground and overruled their motion for a new trial. The evidence on the issue is confusing, unsatisfactory, and contradictory, and we are not prepared to say that the overruling of the motion for new trial was error.

The record does not show that on the original trial appellants asserted or sought to enforce their equitable rights against their codefendants.

■■ The trial judge made no findings of fact, but in sustaining the appellee's motion for judgment and overruling appellants' motion for a new trial she necessarily found all material facts in favor of appellees. The evidence is amply sufficient to support such findings.

Propositions not discussed have been duly considered and are overruled.

The case is affirmed.