**PREFERRED LIFE INSURANCE COMPANY, Appellant,**

**v.**

**Rachael E. CALDWELL, Individually and as Independent Executrix of the Estate of Henry Caldwell, Deceased, Appellee.**

No. 10553.

Court of Civil Appeals of Texas.

Austin.

March 5, 1958.

Rehearing Denied March 26, 1958.

Cervin, & Melton, Claude R. Wilson, Jr., Dallas, for appellant.

O'Neal Dendy, San Angelo, for appellee.

GRAY, Justice.

Appellant issued a policy of health and accident insurance to Henry Caldwell upon which policy proof of expenses of sickness was filed and a claim for benefits was made. There was delay in the payment of benefits and appellee filed suit for attorney's fees and for penalties under Art. 3.62, Texas Insurance Code, V.A.T.S.

A jury trial was had but upon conclusion of the evidence both parties filed mo-

tions for an instructed verdict. The jury was discharged "with the mutual consent of the plaintiff and the defendant * * * and the matters of fact and of law were submitted before the court." A judgment was rendered for appellee which recites: "Signed in open court, this the 11th day of September, 1957."

On September 6, 1957, appellant filed its written notice of appeal.

Appellee has filed a motion to dismiss the appeal on the ground that notice of appeal was not given within the time required by law.

The question presented must be decided under the provisions of the Texas Rules of Civil Procedure.

The portion of Rule 353 applicable to the facts here is:

"(a) An appeal, when allowed by law, may be taken by notice of appeal * * * filed with the clerk; such notice to be * * * filed within ten days after the judgment * * * is rendered."

Rule 306a:

"Judges are directed to cause, and attorneys and clerks are directed to use their efforts to cause all judgments, decisions, and orders of any kind to be reduced to writing and signed by the trial judge and the date of signing stated therein * * *.

"In determining the periods within which the various steps of an appeal must be taken, the date of rendition of a judgment or order shall be deemed to be the date upon which the written draft thereof was signed by the trial judge as stated therein. This rule shall apply in determining the time within which to file * * * notice of appeal, * * * in trial and appellate courts, * * * in connection with appeal; but this rule shall not be construed as de-termining what constitutes rendition of a judgment or order in any other situation or for any other purpose. In event the date of signing of a judgment or order is not shown therein as required above, then the date of rendition shall be otherwise shown of record."

Rule 306c:

"No motion for new trial or appeal bond or affidavit in lieu thereof shall be held ineffective because prematurely filed, but every such motion shall be deemed to have been filed on the date of but subsequent to the rendition of the judgment the motion assails; and every such appeal bond or affidavit shall be deemed to have been filed on the date of but subsequent to the rendition of the judgment appealed from or from the date of the overruling of motion for new trial, if such a motion is filed."

Rule 353 fixed the time for the filing of the notice of appeal in question, such time being within ten days "after the judgment" was "rendered." Rule 306a makes the date of the signing of the judgment the date of its rendition "in determining the time within which to file * * * notice of appeal * * *."

Appellee says that the notice of appeal was prematurely filed and was ineffectual. Rule 306c specifically provides that prematurely filed motions for new trial, appeal bonds and affidavits in lieu of appeal bond shall be deemed to have been filed on the date of but subsequent to the rendition of judgment. Notice of appeal is not mentioned in the rule.

At the time the Supreme Court wrote and adopted Rule 306c, supra, the steps necessary to perfect an appeal were no doubt considered as well as steps prematurely taken. No provision being made as to prematurely filed notices of appeal it must be presumed that it was the intention not to make such premature notices effective.

Prior to the effective date of Rule 306c the time for perfecting an appeal dated from the entry of judgment. Gilmore v. Ladell, Tex.Civ.App., 34 S.W.2d 919, 920. Er. ref. There it appears that the entry of a judgment nunc pro tunc was being considered and the Court said:

"The attempt made on August 21, 1930, to perfect appeal in forma pauperis, prior to the entry on the minutes of the order overruling the motion for a new trail, which contained notice of appeal, was premature and ineffectual."

In Richards v. United States Cold Storage Co., 131 Tex. 148, 112 S.W.2d 445, it was held that the date the order overruling the motion for new trial was signed and not the date the order was written into the minutes controlled the question whether the supersedeas bond was or was not prematurely filed. See also the holding in Loper v. Hosier, Tex.Civ.App., 148 S.W.2d 889. Er. dis., j. c., to the effect that a judgment becomes final and appealable when entered in the minutes or when reduced to writing and signed by the court.

It appears that before the effective date of Rule 306a the controversial question before the courts was: When did the judgment become final and appealable? The cases decided prior to the effective date of the rule are not decisive of the question here presented which must be decided under the provisions of the rule but it is of interest to notice that they are not inconsistent with its provisions. The rule set at rest the question of the date from which time is to be recokoned in taking an appeal from a judgment by providing that:

"In determining the periods within which the various steps of an appeal must be taken, the date of rendition of a judgment or order shall be deemed to be the date upon which the written draft thereof was signed by the trial judge as stated therein."

■ The judgment before us was signed September 11, 1957, and the notice of appeal was filed September 6, 1957. We conclude that such notice of appeal was premature and ineffectual. 3-A Tex.Jur., Sec. 225, p. 291 and Sec. 64, p. 83.

■ Appellant urges us to consider, for the purpose of showing the date of rendition of the judgment, a certified copy of the trial court's docket sheet and the following notation thereon: "8–30–57 * * * Judgment rendered for Plaintiff." This notation was not a judgment. Loper v. Hosier supra, and in in any event it cannot change the judgment signed by the trial court. Hamilton v. Empire Gas & Fuel Co., 134 Tex. 377, 110 S.W.2d 561. Stark v. Hardy, Tex.Com.App., 29 S.W.2d 967. 25 Tex.Jur.. Sec. 60, p. 427. Certainly it cannot overcome the provisions of Rule 306a, supra.

It is our opinion that appellant's notice of appeal was insufficient to confer jurisdiction on this court, and that appellee's motion to dismiss the appeal must be sustained.

The appeal is dismissed.