**J. M. DONALD et al., Appellants,**

v.

**JOHN VINSON, INC. et al., Appellees.**

**No. 16241.**

Court of Civil Appeals of Texas.

Fort Worth.

March 10, 1961.

Rehearing Denied April 7, 1961.

Kenneth Kramer, Wichita Falls, Donald & Donald, and J. M. Donald, Bowie, for appellants.

T. H. Yarborough, Arlington, for appellees.

PER CURIAM.

J. M. Donald and Paul Donald sued John Vinson, Inc., R. U. Porter, J. T. Harrell and W. T. Dyer in trespass to try title to 65 acres of land. Harrell disclaimed any interest in the land and Dyer failed to answer. From a judgment vesting the title to the surface and one-half of the minerals in the plaintiffs, and one-half of the minerals in the defendants John Vinson, Inc., and R. U. Porter, the plaintiffs appeal.

Appellees have filed a motion to dismiss the appeal on the ground that notice of appeal was not given within the time and in the manner provided by the Texas Rules of Civil Procedure.

We have concluded that the motion to dismiss the appeal must be sustained.

On November 21, 1960, the court instructed a verdict for appellees. To this action appellants excepted. A form of judgment was prepared by appellees' attorney which was signed and entered by the court on November 30th in the absence of the parties and their counsel. No notice of appeal was in the judgment. On December 10th appellants' attorney learned for the first time that judgment had been rendered and entered. About 6:30 p. m. on that day appellants' attorney talked to the Judge of

the court by telephone, the attorney being in Jacksboro and the Judge being in his home in Montague.

In that conversation the attorney requested the Judge to enter plaintiffs' notice of appeal in the cause. On December 27th plaintiffs filed a written notice of appeal with the District Clerk. And on the same day appellants filed an appeal bond, which recites that they duly excepted to the court's action in directing a verdict for appellees.

Appellants have filed affidavits, which are not controverted, which assert that appellees' attorney promised to furnish their counsel a copy of the judgment before its entry, and that this was not done.

Rule 353, T.R.C.P., is as follows:

"(a) An appeal, when allowed by law, may be taken by notice of appeal (1) in open court, noted on the docket or embodied in the judgment, order overruling motion for new trial, or other minute of the court, or (2) filed with the clerk; such notice to be given or filed within ten days after the judgment or order overruling motion for new trial is rendered.

"(b) Such notice, when filed with the clerk, shall be sufficient if it state the number and style of the case, the court in which pending, and that appellant desires to appeal from the judgment or from some designated portion thereof."

This record fails to show that Rule 353 was complied with. Notice of appeal was not given in open court and no written notice of appeal was filed with the clerk within ten days from the time the judgment was entered. In such situation we have no alternative but to dismiss the appeal. Howe v. Howe, Tex.Civ.App., 223 S.W.2d 944; Ortega v. Employers Casualty Co., Tex.Civ.App., 223 S.W.2d 663; Glasscock v. Black, Tex.Civ.App., 272 S.W. 2d 388; Backus v. Roper, Tex.Civ.App., 195 S.W.2d 261; 3 Tex.Jur.2d, pp. 502–507, secs. 244–248.

It appears that Rule 353 does not relieve the appealing party from the necessity of observing its requirements, even though he relies upon opposing counsel to show him the court's judgment before its entry.

The appeal is dismissed.