**Kenneth W. BROWN et al., Appellants,**

v.

**Joe M. VANDER STUCKEN et al.,
Appellees.**

**No. 14702.**

Court of Civil Appeals of Texas.

San Antonio.

Nov. 27, 1968.

Rehearing Denied Dec. 31, 1968.

Wilson, Logan, Lear & Massey, Donald P. Dorsey, San Angelo, for appellants.

Shafer, Gilliland, Davis, Bunton & McCollum, Odessa, J. W. Elliott, Sonora, for appellees.

PER CURIAM.

Appellants, Kenneth W. Brown et al., have filed an appeal from a judgment adverse to them in a suit in the nature of trespass to try title and/or to remove cloud from title filed against them by Joe M. Vander Stucken et al., appellees herein, in the 112th Judicial District Court of Sutton County.

It appears from the record that the judgment herein was rendered on January 12, 1968, and notice of appeal was filed on January 23, 1968, the eleventh day after judgment was rendered. Rule 353, Texas Rules of Civil Procedure, states in part: "such notice to be given or filed within ten days after the judgment or order overruling motion for new trial is *rendered*." (Emphasis supplied.) This requirement is jurisdictional. Donald v. John Vinson, Inc., 344 S.W.2d 751 (Tex.Civ.App.—Fort Worth 1961, writ ref'd); Howe v. Howe, 223 S.W. 2d 944 (Tex.Civ.App.—Eastland 1949, writ ref'd). The notice of appeal filed by appellants specifically refers and excepts to a judgment entered in said cause on January 12, 1968. On October 16, 1968, when this case was argued on oral arguments before this Court, the question of jurisdiction was raised and the attorney for appellants was granted leave to submit authorities in support of our jurisdiction. Thereafter, appellants filed in the District Court of Sutton County, a motion to enter a judgment nunc pro tunc, and after a hearing thereon said motion was denied by the Hon. Charles Sherrill, Judge of the 112th District Court. The order found that there was no error in the judgment signed by the court and that the judgment rendered therein was correctly dated as being signed on January 12, 1968. Thereafter, appellants filed in this Court a motion for leave to file a petition for writ of mandamus to issue a mandate to the Hon. Charles Sherrill to enter a judgment nunc pro tunc.

Appellants assert as grounds for their petition for mandamus that the judgment of the court of January 12, 1968, was not entered of record on the minutes of said court as of October 22, 1968; that the term of the court in which said judgment was rendered has expired and that the only method by which said judgment can be entered in the minutes of the court at a time subsequent to the term in which it is rendered is by judgment nunc pro tunc. In support of this contention, appellants cite: Murphy v. Boyt, 140 Tex. 382, 168 S.W.2d

631 (1943); Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040 (1912); Dunn v. Cravens, Dargan & Co., 97 S.W.2d 242 (Tex.Civ. App.—El Paso 1936, no writ); Frankfurt v. Grayson, 68 S.W.2d 533 (Tex.Civ.App.—Waco 1934, no writ); Hubbart v. Willis State Bank, 119 S.W. 711 (Tex.Civ.App.—Houston 1909, writ ref'd). All of these cases were decided prior to the adoption of the Rules of Civil Procedure, except Murphy v. Boyt, which involved a case tried before the effective date of the Rules of Civil Procedure, and these cases are not determinative of the question of time for filing an appeal under the present Rules of Civil Procedure.

In 3 Tex.Jur.2d § 66, footnote 4, it is stated: "Prior to adoption of rules of civil procedure an appeal would not lie from judgment that had been pronounced or rendered but not entered of record." Rule 306a, T.R.C.P., states in part: "In determining the periods within which the various steps of an appeal must be taken, the date of rendition of a judgment or order shall be deemed to be the date upon which the written draft thereof was signed by the trial judge as stated therein." The case of Preferred Life Insurance Company v. Caldwell, 311 S.W.2d 518 (Tex.Civ.App.—Austin 1958, writ dism'd), is a case decided after the adoption of the Rules of Civil Procedure, wherein the Court stated: "It appears that before the effective date of Rule 306a the controversial question before the courts was: When did the judgment become final and appealable? The cases decided prior to the effective date of the rule are not decisive of the question here presented which must be decided under the provisions of the rule but it is of interest to notice that they are not inconsistent with its provisions. The rule set at rest the question of the date from which time is to be reckoned in taking an appeal from a judgment by providing that:

"'In determining the periods within which the various steps of an appeal must be taken, the date of rendition of a judgment or order shall be deemed to be the date upon which the written draft thereof was signed by the trial judge as stated therein.'"

■ In the case before us, a judgment has actually been rendered bearing date of January 12, 1968, and a hearing was had before the trial court pursuant to appellants' motion to enter a judgment nunc pro tunc, at which hearing the trial court found that there was no error in the judgment signed by the court, and that the judgment rendered in said cause was correctly dated as being signed on January 12, 1968. While a trial court can correct an error or mistake in its judgment, under the record here, there was no error or mistake in the judgment to correct, and a trial court cannot enter a judgment nunc pro tunc simply for the purpose of enlarging the time for perfecting an appeal. Rule 5, T.R.C.P.; Fireman's Fund Insurance Co. v. Martinez, 387 S.W.2d 443 (Tex.Civ.App.—Austin 1965, writ ref'd n. r. e.). We find no merit in appellants' contention and appellants' motion for leave to file petition for writ of mandamus is denied.

■ Since appellants' notice of appeal was not filed within ten days, as required by Rule 353, T.R.C.P., this Court is without jurisdiction to hear this appeal. Donald v. John Vinson, Inc., 344 S.W.2d 751 (Tex.Civ.App.—Fort Worth 1961, writ ref'd); Becnel v. Becnel, 336 S.W.2d 221 (Tex.Civ.App.—1960, no writ); Howe v. Howe, supra; Backus v. Roper, 195 S.W.2d 261 (Tex.Civ.App.—Fort Worth 1946, no writ).

The appeal is dismissed.