**Lem L. BOATNER, Appellant,**

v.

**AETNA CASUALTY & SURETY INSURANCE COMPANY, Appellee.**

**No. 20688.**

Court of Civil Appeals of Texas, Dallas.

Jan. 9, 1975.

Wilson F. Walters, Walters & Reed, Denison, for appellant.

Rayburn M. Nall, Elliott & Nall, Sherman, for appellee.

GUITTARD, Justice.

In this case we hold that we have no jurisdiction of the appeal because no notice of appeal was given within the ten-day period prescribed by Texas Rules of Civil Procedure, rule 353(a).

The transcript tendered for filing contains an order overruling appellant's motion for new trial signed October 16, and also contains plaintiff's notice of appeal filed November 8. In a letter to our clerk, which we treat as a motion, counsel for appellant explains that he had no notice of the signing of such order, either from the clerk or from opposing counsel, until November 7 or November 8. He insists that he acted with due diligence, and he argues that opposing counsel had the obligation to inform him of the entry of the order so that he could file his notice of appeal within ten days.

Unfortunately, the diligence of counsel has no bearing on the question of our jurisdiction. Reliance on opposing counsel cannot extend the jurisdiction period for filing notice of appeal. Donald v. John Vinson, Inc., 344 S.W.2d 751 (Tex. Civ.App.—Fort Worth 1961, writ ref'd). Neither can the period be extended by reliance on the clerk of the trial court to provide information concerning the signing of the order. Although Tex.R.Civ.P. 306d requires the clerk to send a postcard notice immediately on the signing of the order, no provision is made that the clerk's failure to send such a notice extends the time for filing notice of appeal.

We reach this conclusion reluctantly because we are unable to see that the requirement of notice of appeal has any function other than as a trap for the unwary. Since the party giving the notice is not committed to proceed with the appeal, the opposing party still has no reliable information as to whether the appeal will proceed or not. Appellee's counsel gets that information when he receives copies of letters to the clerk and the official reporter requesting preparation of the transcript and statement of facts, as required by Rules 376 and 377. Notice of appeal cannot be considered essential to the appellate process, since it is not required when a motion for new trial is overruled by operation of law. Houston Life Ins. Co. v.

Dabbs, 125 Tex. 100, 81 S.W.2d 42 (1935); Chekanski v. Texas & N.O. R.R., 306 S.W. 2d 935 (Tex.Civ.App.—Houston 1957, writ ref'd n. r. e.). Consequently, we hope that when the Supreme Court next sits to consider amendments to the rules of civil procedure, it will give serious consideration to abolition of the requirement of notice of appeal.

Since we have no jurisdiction of the appeal, our clerk is directed not to accept the tendered record for filing.