Roy Logan KIMBLE, Appellant,

v.

NORTHWESTERN NATIONAL COUNTY MUTUAL INSURANCE COMPANY, Appellee.

No. 5405.

Court of Civil Appeals of Texas, Waco.

Jan. 9, 1975.

Rehearing Denied Jan. 30, 1975.

Second Rehearing Denied Feb. 20, 1975.

Jerry Frank Jones, Austin, for appellant.

House, Mercer, House, Brock & Wilson, John C. Wilson, Austin, for appellee.

HALL, Justice.

This suit was brought for the recovery of benefits under the uninsured motorist provisions of a family automobile policy issued to plaintiff by defendant. Summary judgment was rendered that plaintiff take nothing, and he appeals.

■ We are without jurisdiction and dismiss the appeal.

Judgment was rendered on September 19, 1964. A motion for new trial was not filed. A cash deposit in lieu of appeal bond was made on October 25, 1974.

Rule 356, Vernon's Texas Rules of Civil Procedure, provides that an appeal bond or a cash deposit in lieu thereof, when bond is required, shall be filed or made with the clerk within 30 days after rendition of judgment or order overruling motion for new trial. This timetable is mandatory and jurisdictional, and it cannot be waived. Glidden Company v. Aetna Casualty & Surety Company, 155 Tex. 591, 291 S.W.2d 315, 318 (1956); Nelson v. State, (Tex. Civ.App.—Waco, 1973, no writ hist.) 497 S.W.2d 538, 539.

Appeal dismissed.

ON MOTION FOR REHEARING

■ The plaintiff's undisputed proof shows that the clerk of the trial court did not give him the notice provided by Rule 306d, Vernon's Tex.Rules Civ.Proc.,[1] of the signing of the final judgment in this case. He states that if he had received this notice, he would have made his deposit of cash in lieu of appeal bond on time. Upon this premise he argues that the holding in Glidden Company v. Aetna Casualty & Surety Company, supra, which was enunciated prior to the adoption of Rule 306d, should be relaxed, and the clerk's noncompliance with the requirements of Rule 306d should be held to excuse his failure to meet the timetable set forth in Rule 356.

There is nothing in Rule 306d which purports to relax or otherwise affect the mandatory terms of Rule 356. And, there is nothing in Rule 356 (as there is in some rules dealing with perfection of the appeal) which permits excuse of noncompliance with its terms. We hold, therefore, that a clerk's failure to give notice in accordance with the provisions of Rule 306d does not excuse a party's failure to meet the timetables prescribed by Rule 356. *See* Boatner v. Aetna Casualty & Surety Ins. Co., (Tex.Civ.App.—Dallas, 1975) 518 S. W.2d 876.

Plaintiff's motion for rehearing is overruled.

---

1. "Rule 306d. Notice of Final Judgment or Other Appealable Order. Immediately upon the signing of any final judgment or other appealable order, the clerk of the court shall mail a postcard notice thereof to each party to the suit as provided in Rule 21a. Failure to comply with the provisions of this rule shall not affect the finality of the judgment or order."