Charles Milford PEEPLES, Appellant,

v.

Rose Mary PEEPLES, Appellee.

No. 15893.

Court of Civil Appeals of Texas, San Antonio.

Feb. 1, 1978.

Houston C. Munson, Jr., Gonzales, for appellant.

Daniel R. Rutherford, John L. Ray, San Antonio, for appellee.

KLINGEMAN, Justice.

This suit was instituted by Charles Milford Peeples, appellant herein, for change of custody of two minor children previously awarded to appellee, Rose Mary Peeples, in a divorce proceeding between such parties. Trial in the herein case was to a jury who found adversely to appellant on the two special issues involving custody; and in answer to the only other special issue submitted, found the sum of $4,100.00 to be reasonable and necessary attorney's fees for appellee's attorney, Daniel R. Rutherford, Esq. Judgment was entered by the trial court denying appellant's application for change of custody and awarding appellee's attorney, Daniel R. Rutherford, the sum of $4,100.00 as attorney's fees. On this appeal, appellant complains only of the award of attorney's fees.

We will first consider appellee's cross-point that this Court has no jurisdiction to hear this appeal because said appeal was not duly perfected.

The transcript contains a judgment which recites that it was signed and rendered on January 10, 1977. If this date is correct, the appeal has not been timely perfected. Such judgment was filed on February 28, 1977.

The transcript contains an order which was signed on May 25, 1977, which recites that the judgment dated January 10, 1977 and filed February 28, 1977, is incorrect because the date of January 10, 1977 was inadvertently placed in said judgment by a clerical error and said judgment is corrected by changing the date of signing of said judgment to February 28, 1977. This order specifically recites that it is rendered nunc pro tunc. Based on this date, the appeal was timely perfected.

The right of a court to render a judgment nunc pro tunc in order to correct clerical errors and mistakes in the record concerning the judgment actually pronounced and to make the record conform to the truth, is undoubted. *Coleman v. Zapp*, 105 Tex. 491, 151 S.W. 1040 (1912); *Truelove v. Truelove*, 266 S.W.2d 491 (Tex.Civ.App.—Amarillo 1953, writ ref'd); *Knox v. Long*, 152 Tex. 291, 257 S.W.2d 289 (1953); 33 Tex.Jur.2d *Judgments* § 28, at 516 (1962); Rules 316, 317, 306b, Tex.R.Civ.P. Where the mistakes in the record are corrected and a judgment nunc pro tunc is properly rendered, the time for appeal runs from the date the trial judge signs the nunc pro tunc order. Rule 306b, Tex.R.Civ.P.

Appellee relies on *Anderson v. Casebolt*, 493 S.W.2d 509 (Tex.1973); *Brown v. Vander Stucken*, 435 S.W.2d 609 (Tex.Civ.App.—San Antonio 1968, no writ); *Cox v. Payne*, 231 S.W.2d 957 (Tex.Civ.App.—Amarillo 1950, no writ). We do not regard these cases as in point. *Anderson v. Casebolt* dealt with an attempt to change the date of the original rendition with no mention in the second order of a mistake in the original date of rendition. In *Brown v. Vander Stucken, supra,* the trial court specifically found that there was no error in

the date of its original judgment and refused to enter a judgment nunc pro tunc. In *Cox v. Payne, supra,* the trial court refused to change the date of the original judgment. In the case before us it appears from the record the trial court found a mistake in its original judgment and took steps to correct it as recited in the nunc pro tunc order. We overrule appellee's cross-point. Under the record this appeal has been properly perfected.

By seven points of error appellant asserts that the trial court erred (1) in failing to give an explanatory instruction of the word, "necessary," with regard to Special Issue No. 3; (2) in sustaining the jury's award of $4,100.00 as attorney's fees because there was insufficient evidence to support such award; (3) in allowing such award based solely on the testimony of appellee's attorney; (4) in sustaining such award because it is based in part on the attorney's work in the divorce suit and is not restricted solely to the work in this suit; (5) in refusing to allow Daniel R. Rutherford to explain how the 82.9 hours was determined; (6) in refusing to grant appellant's request for a remittitur; and (7) because the submission of Special Issue No. 3,[1] without an explanatory instruction caused an improper judgment in this case.

The pertinent testimony here involved may be summarized as follows: Mr. Rutherford, after testifying as to his qualifications and experience, testified that he was first retained by Mrs. Peeples to represent her in connection with the divorce case; that this employment was terminated; and that some time thereafter he was again employed to represent Mrs. Peeples in connection with the change of custody suit. He discussed three methods of computing and determining attorney's fees: (1) a quoted fee method; (2) the hourly rate method; and (3) the contingency fee method. He stated that in this type of case—a child custody case—the proper method would be an hourly rate basis; that in his firm they charge $50.00 per hour, which is for the

time actually expended by himself and does not include such items as secretarial time and law clerk time; and that the $50.00 hourly charge is for Mr. Rutherford's time only, but also covers all overhead items, such as office rent, law library, telephone, and secretarial salary. He stated that the bar association has, through exhaustive research and study, determined that $50.00 an hour is a fair and reasonable fee per hour for this type of work.

He testified that he had been engaged in the active defense of this case for 82.9 hours, and when questioned by the trial judge, he reiterated that the total amount of work done by him was 82.9 hours, which, based on the hourly rate charge, amounted to $4,145.00. On further questioning by the court he testified that this was a reasonable and proper fee in this case. Appellant's attorney did not cross examine or question Mr. Rutherford as to this testimony and offered no testimony as to attorney's fee in rebuttal. The transcript also shows numerous trial proceedings and pleadings involved in this matter.

█ We first consider appellant's contention that the trial court erred in failing to give an explanatory instruction in connection with Special Issue No. 3. The transcript does not reflect any objections to such issue as submitted, nor does it reflect that appellant requested any definitions or explanatory instructions. Rule 279, Tex.R. Civ.P., provides in part as follows:

Failure to submit a definition or explanatory instructions shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or explanatory instruction has been requested in writing and tendered by the party complaining of the judgment.

There are many cases holding that the failure of a trial court to submit a definition or explanatory instruction is not grounds for reversal unless a substantially correct definition or instruction has been requested in writing and tendered by the

---

1. Special Issue No. 3 inquires as to what sum of money would be reasonable and necessary to compensate Daniel R. Rutherford in the trial of this cause.

complaining party. *State v. Harrington,* 407 S.W.2d 467, 479 (Tex.1966); *Yellow Cab & Baggage Co. v. Green,* 154 Tex. 330, 277 S.W.2d 92, 93 (1955); *Olivares v. Porter Poultry & Egg Co.,* 523 S.W.2d 726 (Tex. Civ.App.—San Antonio 1975, no writ); *McNutt v. Qualls,* 433 S.W.2d 521 (Tex.Civ. App.—Dallas 1968, no writ); *Wilson v. City of Port Lavaca,* 407 S.W.2d 325 (Tex.Civ. App.—Corpus Christi 1966, writ ref'd n.r.e.).

Under the record, we find no reversible error of the trial court in failing to submit any definitions or explanatory instructions.

Appellant's other points of error pertain to the sufficiency of the evidence to support the jury's award and the failure of the trial court to order a remittitur.

§ 11.18, Tex. Family Code Ann. (1975), provides that reasonable attorney's fees may be taxed as costs, and may be ordered paid directly to the attorney, who may enforce the order for fees in his own name. It is settled that the reasonableness of attorney's fees is a question of fact to be determined by the trier of the facts and must be supported by competent evidence. *General American Reserve Ins. Co. v. Britton,* 406 S.W.2d 901 (Tex.1966).

Appellant here complains that the only testimony as to attorney's fees is that of the attorney involved and that this will not support a judgment. We disagree. There are numerous cases of this nature where the only testimony is that of the attorney. The case before us is somewhat similar to *Boysen v. Security Lumber Co.,* 531 S.W.2d 454 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ), where the court said:

Appellee's attorney testified that he was personally familiar with the work that had been done on this case; that he was personally familiar with the amount customarily charged by attorneys in similar cases; that approximately twenty to twenty-five hours of work were generally required for such cases; that his charge of $45.00 per hour was the usual and customary charge by attorneys; and that based on the usual amount of work required and the customary charge, $1,000 was a reasonable fee. Appellant offered no evidence in rebuttal of this testimony. The evidence outlined above was sufficient to support the award.

*See also Industrial Broadcasting Co. v. Broadcasting Equipment Sales Co.,* 543 S.W.2d 674 (Tex.Civ.App.—Eastland 1976, writ ref'd n.r.e.); *Smith v. Horton,* 485 S.W.2d 824 (Tex.Civ.App.—Texarkana 1972, writ dism'd); *Magids v. Dorman,* 430 S.W.2d 910 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.).

The only testimony as to attorney's fees in this case is that of appellee's attorney who testified that he had spent 82.9 hours on the case; that his usual charge for this type of work is $50.00 per hour; that the bar association has determined after research and study that a reasonable fee for this type of work is $50.00 per hour; that based on such hourly rate and the number of hours work done by him, the total attorney's fees aggregated $4,145.00; and that this is a reasonable and proper fee in this case. Appellant offered no testimony in rebuttal of this testimony and appellee's testimony is uncontroverted.

There is no merit to appellant's contention that such work included other work done in the original divorce case. Appellee's attorney testified that while he had done work in the original divorce case, this employment was terminated; and that he was subsequently reemployed to represent appellee in the child custody proceedings herein; that in connection with *this* litigation he has been engaged in the actual defense of *this* case for 82.9 hours.

Appellant further contends that Mr. Rutherford should have been allowed to explain how the 82.9 hours was determined. Appellant had full opportunity to cross examine appellee's attorney in this regard, and did not do so, and he cannot now complain of the lack of such breakdown.

We hold that the jury's award and subsequent judgment as to attorney's fees is sufficiently supported by the evidence. Under the record, there is no basis or reason for any remittitur.

All of appellant's points of error have been considered and all are overruled. The judgment of the trial court is affirmed.